# EXHIBIT 8

Seton Hall University School of Law
833 McCarter Highway
Newark, New Jersey 07102
(937) 642- 8700

Ms. Condon,

Thank you for your email of November 11, 2005 regarding the follow to join application of Rose Ngassam.  When Ms. Ngassam's "children" appeared for the interview on August 12, 2005, they presented as proof of their relationship to Ms. Ngassam birth certificates.  Upon investigation, these were deemed fraudulent.

The file was returned to the United States on November 18, 2005. Subsequent to the interview, clear evidence that the petition approval had been obtained through misrepresentation or fraud was discovered. In accordance with our regulations, the file has been returned to the approving US Citizenship and Immigration Office, the Nebraska Service Center, with the recommendation that it be reviewed, and if appropriate, revoked. Once the Nebraska Service Center has received the file, that office will contact your client directly for further action.

We hope you find this information useful.

Sincerely,


Pauline N. Borderies
Vice Consul

# EXHIBIT 9



CRIS
<USCIS-SRMT@dhs.gov>
06/06/2006 10:46 PM

To  condonje@shu.edu
cc
bcc
Subject  Case Status Information for Tracking Number: 8

*** DO NOT RESPOND TO THIS E-MAIL ***

The following is the latest information on your case status

Receipt Number: LIN0326755217

Application Type: I730 , REFUGEE ASYLEE RELATIVE PETITION

Current Status:

On June 6, 2006, we received this case back from the Department of State for
further review. We will mail you a notice when our review is complete or when
we take other action.

If you have questions or concerns about your application or the case status
results listed above, or if you have not received a decision or advice from
USCIS within the projected processing time frame*, please contact the National
Customer Service Center.

National Customer Service Center (800) 375-5283.

*The projected processing time frame can be found on the receipt notice that
you received from the USCIS.
*** Please do not respond to this e-mail message.


Sincerely,


The U.S. Citizenship and Immigration Services (USCIS)



CRIS
<USCIS-SRMT@dhs.gov>
06/06/2006 10:46 PM

To   condonje@shu.edu
cc
bcc
Subject   Case Status Information for Tracking Number: 10

*** DO NOT RESPOND TO THIS E-MAIL ***

The following is the latest information on your case status

Receipt Number: LIN0326755227

Application Type: I730 , REFUGEE ASYLEE RELATIVE PETITION

Current Status:

On June 6, 2006, we received this case back from the Department of State for further review. We will mail you a notice when our review is complete or when we take other action.

If you have questions or concerns about your application or the case status results listed above, or if you have not received a decision or advice from USCIS within the projected processing time frame*, please contact the National Customer Service Center.

National Customer Service Center (800) 375-5283.

*The projected processing time frame can be found on the receipt notice that you received from the USCIS.
*** Please do not respond to this e-mail message.


Sincerely,


The U.S. Citizenship and Immigration Services (USCIS)



CRIS
<USCIS-SRMT@dhs.gov>
06/06/2006 10:46 PM

To  condonje@shu.edu

cc

bcc

Subject  Case Status Information for Tracking Number: 10

\*\*\* DO NOT RESPOND TO THIS E-MAIL \*\*\*

The following is the latest information on your case status

Receipt Number: LIN0326755223

Application Type: I730 , REFUGEE ASYLEE RELATIVE PETITION

Current Status:

On June 6, 2006, we received this case back from the Department of State for further review. We will mail you a notice when our review is complete or when we take other action.

If you have questions or concerns about your application or the case status results listed above, or if you have not received a decision or advice from USCIS within the projected processing time frame\*, please contact the National Customer Service Center.

National Customer Service Center (800) 375-5283.

\*The projected processing time frame can be found on the receipt notice that you received from the USCIS.
\*\*\* Please do not respond to this e-mail message.


Sincerely,


The U.S. Citizenship and Immigration Services (USCIS)

# EXHIBIT 10

DEPARTMENT OF HOMELAND SECURITY
NEBRASKA SERVICE CENTER
U.S. IMMIGRATION & CITIZENSHIP SERVICE
P.O. BOX 82521
LINCOLN, NE 68501-2521

_____

|  |  |  |
|---|---|---|
| In the Matter of | ) | |
| | ) | APPLICANT'S AFFIDAVIT |
| | ) | ACCOMPANYING EVIDENCE |
| Rose Ngassam's I730 Relative Petitions | ) | SUBMITTED WITH REFUGEE ASYLEE |
| | ) | RELATIVE PETITIONS |
| | ) | |
| Petitioner | ) | |
| | ) | |

I, Rose Ngassam, being duly sworn, do state:


1.    I am 43 years of age and understand the obligation of an oath.  I am an asylee and

make the following statements concerning documentation submitted in support of

my I-730 petitions filed for my children to join me as derivative asylee family

members in the United States.

2.    I am a citizen of Cameroon, where I was born and resided until I arrived in the

United States on July 12, 2002.  After I was granted asylum on June 3, 2003, I

1

filed I-730 petitions for my seven children to join me in the United States. The petitions were granted in May and September 2005.

3.    Along with the petitions, my attorneys submitted documents, which at the time we believed were authentic copies of my children's birth certificates.

4.    Recently I obtained information that caused me to question whether the documents previously submitted to the immigration service, were official documents. After my further investigation and with the help of my brother in Cameroon, my children have now obtained their official and original birth certificates, duplicates of which I am submitting with this affidavit.

**Unofficial Birth-Certificates**

5.    When I fled Cameroon in 2002 because I feared for my life, my husband retained possession of my children's birth certificates. My asylum claim was based, in part, upon the extreme cruelty I suffered at the hands of my husband.

6.    As I explained in my asylum affidavit, my husband, who is a gendarme, beat me and retaliated against me because he believed my political activities and independence were an insult to him as a man and as a gendarme for the regime in power in Cameroon.

7.    When I escaped Cameroon in 2002 after being imprisoned and tortured by the Cameroonian government, I was forced to leave behind my children.

2

8.  My husband remained hostile to my children even after I sought refuge in the United States because of their connection to me. He does not live with them or make any effort to protect or care for them.

9.  Because my children's birth certificates remained in my husband's possession, when I filed the I-730 petitions, my children in Cameroon were forced to obtain the birth certificates from my husband. My children were frightened of my husband, so they asked my husband's brother to obtain the birth certificates. My husband delivered the birth certificates to his brother, who then gave them to my son, Brice Marius Teuman. These documents were later submitted with my I-730 petition.

10. My children had never seen their own birth certificates because I had always kept those documents safe for them in Cameroon. Thus, they did not realize that the ones provided by my husband were not official documents.

11. My son then faxed the documents purporting to be my children's official birth certificates directly to my lawyer's office. Those certificates were then attached to the petitions without me ever seeing them. I now know that the documents were not official certified copies of my children's birth certificates.

12. While I do not know for sure how or why my husband and his brother gave my children the unofficial birth certificates, I believe it was a deliberate attempt to harm my children and cause problems for me in the United States.

3

13.     My husband is still very angry and vindictive, and would do anything to harm me and my children. I believe that he provided unofficial documents in order to sabotage my efforts to bring my children here to join me. My husband has a history of trying to harm me whenever I do something positive for my life. He has repeatedly retaliated against me whenever I act independent, apparently seeing it as a threat to his reputation.

## My Children's Official Birth Certificates Submitted with This Affidavit

14.     When I heard that the documents submitted with the I-730 petitions were not official documents, I was very upset. I contacted my family in Cameroon to request that they help my children obtain the official birth certificates. My older brother intervened on my children's behalf to compel my husband to supply the official birth certificates. After obtaining the official certificates from my husband, my brother gave them to my son, Brice Marius Teuman.

15.     I instructed my son to show these documents to the Mayor of Douala, where I lived in Cameroon, to confirm that the certificates were, in fact, the original birth certificates that I left behind with my husband. The mayor confirmed that they were official birth certificates and then presented official certified duplicates to my son. My son then sent the official duplicates of the certificates to me, which I am now submitting.

4

16. My children retained the original birth certificates that were obtained from my husband, and then shown to the mayor, so that they could submit the originals to the embassy at their visa interview.

17. It has been almost 3 years that I have been separated from my children because of my torture and imprisonment in Cameroon.

I understand that if I knowingly have made any false statement herein, I am subject to punishment.

Dated: 1/19/06

Newark, New Jersey

ROSE NGASSAM AMOUGOU

Rose Ngassam Amougou

Notarized by: Tonderlaya Furman

TONDERLAYA FURMAN
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 1/19/2010

5

# EXHIBIT 11

# SETON HALL UNIVERSITY SCHOOL OF LAW
## CENTER FOR SOCIAL JUSTICE
### IMMIGRATION AND HUMAN RIGHTS CLINIC
833 McCarter Highway
Newark, New Jersey 07102



Lori Nessel, Esq., Director
nessello@shu.edu

(973) 642-8700
Fax (973) 642-5939

November 18, 2005

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

**RE: LIN-03-267-55141; LIN-03-267-55229; LIN-03-267-55227;**
**LIN-03-267-55217; LIN-03-267-55177; LIN-03-267-55210; and LIN-03-267-55223.**

To Whom It May Concern:

This office represents Rose Ngassam (**A96261832**), an asylee who was granted asylum in 2003 because of the persecution she suffered at the hands of her husband and the Cameroonian government on account of her political activities and imputed political opinion and her well-founded fear of further persecution in Cameroon. After being granted asylum, Ms. Ngassam filed I-730 petitions on behalf of her seven children. Those petitions were approved in June and September 2005. In light of information that has recently come to light, I urge the Nebraska Service Center to withhold taking any action with respect to those petitions until providing Ms. Ngassam and her counsel with the opportunity to rectify potential problems associated with the I-730 petitions that may have been caused by Ms. Ngassam's abusive husband or others in Cameroon.

I recently learned from my client and through communications with Pauline N. Borderies, Vice Consul, of the U.S. Embassy in Yaonde, Cameroon, that after USCIS approved Ms. Ngassam's petitions, her children appeared for visa processing interviews on August 12, 2005. At that time, consular officials discovered a problem with documents presented by the children as proof of their relationship to their mother. Accordingly, the embassy returned the file to the Nebraska Service Center on November 18, 2005 for further review.

Ms. Ngassam has recently obtained information relevant to the reliability of the birth certificates filed with her I-730 petitions that warrants USCIS refraining from taking further action until Ms.

Ngassam can compile additional documentation. When petitioning for her children, Ms. Ngassam asked her family in Cameroon to send her the children's birth certificates. Her brother-in-law responded by sending the certificates that Ms. Ngassam filed with her I-730 petitions. At that time, Ms. Ngassam had no reason to doubt the reliability of those documents. However, Ms. Ngassam has since learned that at the time her family in Cameroon was compiling documentation for the I-730 petitions, her former abusive spouse, who maintained custody of her children's birth certificates, refused to release the birth certificates to anyone helping Ms. Ngassam. Apparently, even after his long abuse of Ms. Ngassam, allowing her to be imprisoned, and causing her to flee Cameroon, Ms. Ngassam's abusive husband sought to cause her continued suffering from abroad by denying her access to the birth certificates.

Given these recent developments, Ms. Ngassam and her attorneys are working as quickly as possible to resolve this problem and are pursuing whatever other avenues of proof are realistically available to help Ms. Ngassam prove her relationship with her children. Her family in Cameroon is working to obtain the original and accurate birth certificates and send them to this office and to Ms. Ngassam as soon as possible. We ask that USCIS issue a formal request for additional evidence to prove the familial relationship, such that Ms. Ngassam and her attorneys may respond with the appropriate proof and finally reunite Ms. Ngassam and her children.

Thank you in advance for your consideration.

Sincerely,

Jenny-Brooke Condon, Esq.
(973) 642-8463

# EXHIBIT 12



# SETON HALL UNIVERSITY SCHOOL OF LAW
## CENTER FOR SOCIAL JUSTICE
### IMMIGRATION AND HUMAN RIGHTS CLINIC
833 McCarter Highway
Newark, New Jersey 07102

Lori Nessel, Esq., Director
nessello@shu.edu

(973) 642-8700
Fax (973) 642-5939

February 1, 2006

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

Attn: Petitions for Refugee Asylee Relative

**RE: LIN-03-267-55141; LIN-03-267-55229; LIN-03-267-55227;
LIN-03-267-55217; LIN-03-267-55177; LIN-03-267-55210; and LIN-03-267-55223.**

Dear Clerk,

Our office represents Rose Ngassam (A96261832), an asylee who was granted asylum in 2003 and subsequently petitioned for her seven children as derivative asylees. *See* **Exhibit A, Form G-28 Notice of Entry of Appearance**. After USCIS granted those petitions, the children reported to the U.S. Embassy in Cameroon for their visa processing interviews this past fall. We understand that after those interviews, the embassy returned Ms. Ngassam's approved I-730 file to the Nebraska Servicing Center because of unresolved questions concerning the birth certificates presented by the children as proof of their relationship with their mother. By letter dated November 18, 2005, our office requested an opportunity to investigate and present additional documentation before USCIS takes any further action in Ms. Ngassam's case. Submitted with this letter is newly obtained documentation verifying the relationship between Ms. Ngassam and her children: certified duplicates of the children's official birth certificates. *See* **Exhibits C-I, Official Duplicates of Children's Birth Certificates.**

After the embassy returned Ms. Ngassam's file to the U.S., we discovered that the birth certificates previously submitted in Ms. Ngassam's case may not have been official documents because of the interference of Ms. Ngassam's estranged husband. The husband, a member of the military police in Cameroon whose abuse of Ms. Ngassam was a basis for her claim for asylum, retained possession of the children's original birth certificates after Ms. Ngassam fled for her life from Cameroon. The copies of the birth certificates previously submitted in Ms. Ngassam's case were obtained by Ms. Ngassam's family members from her estranged husband. Although Ms.

FEB 0 2 2006 -9 30 AM 3 1 1

FEB 0 2 2006 -11 15 AM 3 1 1

Ngassam and this office did not know it at the time, apparently the birth certificates that he provided may not have been original and official birth certificates. As explained in Ms. Ngassam's attached affidavit, *See* **Exhibit B, Affidavit of Rose Ngassam**, her estranged husband is still very angry and resentful of her status in the United States, and she is afraid that he would do anything to hurt her and her children.

With the help of Ms. Ngassam's older brother, the children recently obtained their original official birth certificates and mailed certified duplicates of those birth certificates to Ms. Ngassam. Those documents are submitted herein, along with Ms. Ngassam's explanation of how these documents were obtained. The children have retained the original birth certificates so that they can present them during their visa interview.

Accordingly, enclosed please find the following:

Exhibit A: Form G-28 Notice of Entry of Appearance

Exhibit B: Affidavit of Rose Ngassam, describing her estranged husband's role in the submission of the birth certificates previously filed and verifying that official certified duplicates of the children's official birth certificates are submitted herein.

Exhibit C: Official Certified copy of Achille Martial Kamwa's Birth Certificate. [A097 588 411, LIN-03-267-55141]

Exhibit D: Official Certified copy of Robertine Yannou's Birth Certificate. [A097 588 412, LIN-03-267-55177]

Exhibit E: Official Certified copy of Junior Wimga's Birth Certificate. [A097 588 413, LIN-03-267-55210]

Exhibit F: Official Certified copy of Brice Marius Teumen's Birth Certificate. [A097 588 414, LIN-03-267-55217]

Exhibit G: Official Certified copy of Pegui William Tchaptchep's Birth Certificate[A097 588 415, LIN-03-267-55223]

Exhibit H: Official Certified copy of Romuald Duelo Biakop's Birth Certificate. [A097 588 416, LIN-03-267-55227]

Exhibit I: Official Certified copy of Jackson Miguel Teuman's Birth Certificate. [A097 588 417, LIN-03-267-55229]

Exhibit J: Document certifying that the copies of the birth certificates are real and true copies.

In addition, in the course of obtaining this new documentation, this office recently discovered a clerical error on two of the children's I-730 forms filed with Ms. Ngassam's petitions. Junior Wimga's (A097588413) name was inadvertently misspelled "Yimga, Junior." Robertine Yannou's (A097588412) name was inadvertently misspelled "Robertine Yanou."

Because petitioner Rose Ngassam did not speak, read or write English at the time, a former associate in this office prepared the applications on her behalf. Apparently, that person inadvertently transcribed two of the names listed on the birth certificates incorrectly onto the I-730 form. Please note that the children's names are spelled correctly on the birth certificates – both on the versions previously submitted in the case, as well as on the official and verified birth certificates submitted herein. Thus, the mistake was clearly a clerical error in preparing the I-730 forms. Our office sincerely regrets the error, and hopes that by catching the misspelling now, we can prevent additional confusion in Ms. Ngassam's case.

Ms. Ngassam has been separated from her children for three years and is very concerned for their safety in Cameroon. In addition, processing problems have already caused undue delay in this case. Although the I-730 petitions were filed in September of 2003, at some point, the files were transferred by USCIS to the National Records Office in Missouri, which failed to take action on the petitions for an extended period of time. In June, 2004, the files were transferred to the Newark Asylum Office but they were not granted until May and September of 2005.

We hope that the submission of the official certified birth certificates will enable the children's visa interviews to be rescheduled as soon as possible. Thank you very much for your time and attention to this matter.

Sincerely,

Susan Hallander
Legal Intern
8 C.F.R. 292.1(a)(2)

Lori Nessel, Esq.
Supervising Attorney

CC:    Rose Ngassam
       U.S. Embassy in Cameroon.

# EXHIBIT 13

SETON HALL UNIVERSITY SCHOOL OF LAW
# CENTER FOR SOCIAL JUSTICE
## IMMIGRATION AND HUMAN RIGHTS CLINIC
833 McCarter Highway
Newark, New Jersey 07102



Lori Nessel, Esq., Director
nessello@shu.edu

(973) 642-8700
Fax (973) 642-5939

March 2, 2006

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

Attn: Petitions for Refugee Asylee Relative

**RE: LIN-03-267-55141; LIN-03-267-55229; LIN-03-267-55227; LIN-03-267-55217; LIN-03-267-55177; LIN-03-267-55210; and LIN-03-267-55223.**

Dear Clerk,

Our office represents Rose Ngassam (A96261832), an asylee who was granted asylum in 2003 and subsequently petitioned for her children to follow to join her. On February 1, 2006, we sent the following additional documentation to USCIS to demonstrate their relationship with their mother:

1. Copies of official certified copies of birth certificates for her children
2. An affidavit from Rose Ngassam concerning the authenticity of documentation supplied.

We have not yet received a receipt notice acknowledging that your office received this documentation. Our client is very anxious to be reunited with her children, whom she has not seen for nearly 3 years since her torture and imprisonment in Cameroon. Please confirm whether you have received the additional documentation that we sent on February 1, 2006, and kindly provide any available evidence about the status of her petitions.

Sincerely,

Susan Hallander
Legal Intern
8 C.F.R. 292.1(a)(2)

CC:     Rose Ngassam

# EXHIBIT 14

Seton Hall University School of Law
# Center for Social Justice
### Immigration Law Clinic
833 McCarter Highway
Newark, New Jersey 07102

Lori Nessel, Esq., Director

(973) 642-8700
Fax (973) 642-5939

April 25, 2006

DHS Nebraska Service Center
Attn: Petitions for Refugee Asylee Relative

**RE: URGENT REQUEST for Update/Confirmation that additional documents have been received and processed.**

**RE: LIN-03-267-55141; LIN-03-267-55229; LIN-03-267-55227; LIN-03-267-55217; LIN-03-267-55177; LIN-03-267-55210; and LIN-03-267-55223.**

Dear Clerk,

Our office represents Rose Ngassam (A96261832), an asylee who was granted asylum in 2003 and subsequently petitioned for her children to follow to join her. Her petitions were granted and visa petition interviews were scheduled for August 12, 2005. The embassy then raised questions about documentation submitted in support of the visa petitions, and our office submitted additional documentation to both the embassy and USCIS on February 1, 2006.

Enclosed please find a copy of the Express Mail receipt indicating that your office received the package.

On March 1, 2006, we sent a follow-up letter because we still had not received a receipt notice from your office indicating that you had received the package we sent on February 1, 2006. We did not receive a reply to our March 1, 2006 letter, and we still have not received a receipt notice indicating that your office received the additional documentation we sent on February 1, 2006.

In addition, the embassy in Cameroon has given our office conflicting information about whether the file has been returned to the Nebraska Service Center. According to email sent to our office on November 18, 2005, the file was returned to the Nebraska Service Center on November 18, 2005. This conflicts with another email sent to our office on February 2, 2006, which stated that the file was to be returned by the end of the month. Enclosed please find copies of both emails. Accordingly, we are uncertain whether Ms. Ngassam's case is being addressed

and need assurance that the new documentation has not been lost, that it has been incorporated into her file, and that it is being processed.

Ms. Ngassam's petitions on behalf of her children have already been inordinately delayed for nearly 2 years. The Immigration Service received petitions for Ms. Ngassam's children on September 15, 2003. On June 23, 2004, our office received notice that the petitions had been transferred to the Newark Asylum Office. In April 2005, our office contacted the Director of the Newark Asylum Office, and it was determined that the files were actually in the National Records Center, and not in the Newark Asylum Office. After we inquired, the files were finally sent to the Newark Asylum Office, but the I-730 petitions were missing. Ultimately the files and petitions were sent to the Nebraska Service Center, but the petitions were not approved until May 12, 2005 and September 22, 2005, approximately 2 years after Ms. Ngassam filed the petitions.

The package we sent on February 1, 2006 included the following.

1. Copies of official certified copies of birth certificates for Rose Ngassam's children
2. An affidavit from Rose Ngassam concerning the authenticity of documentation supplied.
3. One Form G-28 Notice of Entry of Appearance.

Our client has not seen her children for nearly 3 years since her torture and imprisonment in Cameroon. Please let us know whether you have received the additional documentation that we sent on February 1, 2006, and please tell us the status of her petitions. We hope that visa interviews can be rescheduled as soon as possible to that our client may be reunited with her children.

Your attention to this matter is greatly appreciated.

Sincerely,

Susan Hallander
Legal Intern
8 C.F.R. 292.1(a)(2)

Enclosures.
CC:    Ms. Rose Ngassam



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Dept. of Homeland Security
Bureau of Citizenship + Imm. Svcs.
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Gregory W. Christian    05/31/06

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7005 0390 0001 9006 8358

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRH-03-

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

7005 0390 0001 9006 8358

# EXHIBIT 15

U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship and Immigration Services**

May 2, 2006

LIN0326755141, LIN0326755229, LIN0326755227
LIN0326755217, LIN0326755177, LIN0326755210

LORI NESSEL
CENTER FOR SOCIAL JUSTICE SETON HALL
833 MCCARTER HWY
NEWARK NY 07102

RE: I-730S BY ROSE NGASSAM LIN0326755223
Dear Sir or Madam:

The Nebraska Service Center (NSC) approved these petitions on 5/12/05 and has not received them back from the embassy. You will need to get a letter from the embassy stating when they sent these petitions back to NSC so the records can be checked further.

Sincerely,

Gregory W. Christian
Acting Director

NSC/MEM/CR

Nebraska Service Center                    www.uscis.gov

# EXHIBIT 16

**From:** consularyaound, consularyaound
**Sent:** Tuesday, May 16, 2006 1:41 PM
**To:** 'Jenny-Brooke Condon'
**Subject:** RE: urgent inquiry

Ms. Brooke Cordon,

Thank you for your email of May 15, 2006. Cases 55227 and 55217 were sent back to the USCIS Nebraska Service Center on March 21, 2006. The rest of the cases have not been interviewed and remain pending.

We hope you find this information useful.

Pauline Borderies

Vice-Consul

American Embassy, Yaounde, Cameroon

Embassy: 237-220-1500

IVG: 932-4232

# EXHIBIT 17



CRIS
<USCIS-SRMT@dhs.gov>
06/06/2006 10:46 PM

To    condonje@shu.edu

cc

bcc

Subject    Case Status Information for Tracking Number: 10

\*\*\* DO NOT RESPOND TO THIS E-MAIL \*\*\*

The following is the latest information on your case status

Receipt Number: LIN0326755223

Application Type: I730 , REFUGEE ASYLEE RELATIVE PETITION

Current Status:

On June ~~~~ 2006, we received this case back from the Department of State for further review. We will mail you a notice ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ when we take other action.

If you have questions or concerns about your application or the case status results listed above, or if you have not received a decision or advice from USCIS within the projected processing time frame\*, please contact the National Customer Service Center.

National Customer Service Center (800) 375-5283.

\*The projected processing time frame can be found on the receipt notice that you received from the USCIS.
\*\*\* Please do not respond to this e-mail message.


Sincerely,


The U.S. Citizenship and Immigration Services (USCIS)

# EXHIBIT 18

Seton Hall University School of Law

# Center for Social Justice

### Immigration Law Clinic

**833 McCarter Highway**
Newark, New Jersey 07102



Lori Nessel, Esq., Director

(973) 642-8700
Fax (973) 642-5939

June 12, 2006

U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

RE: I-730 petitions by Rose Ngassam

To Whom It May Concern:

Enclosed please find material relevant to the following **approved** I-730 petitions: LIN-03-267-55141; LIN-03-267-55229; LIN-03-267-55227; LIN-03-267-55217; LIN-03-267-55177; LIN-03-267-55210; and LIN-030267-55223. We understand that the embassy in Cameroon returned some of these petitions to the Nebraska Service Center for further review. We have received confirmation that these petitions are being reviewed by USCIS (<u>see</u> enclosed electronic notice system receipts).

As you can see from the enclosed May 2, 2006 letter from Gregory W. Christian, Acting Director of the Nebraska Service Center, your office recently returned these materials to us. The enclosed documents are highly relevant to Ms. Ngassam's right to reunite with her children. We are, therefore, resubmitting them and requesting your attention to this urgent matter.

If you have any questions, please contact me at 973-642-8700.

Sincerely,

Jenny-Brooke Condon, Esq.