# EXHIBIT 19

SETON HALL UNIVERSITY SCHOOL OF LAW

# CENTER FOR SOCIAL JUSTICE

IMMIGRATION AND HUMAN RIGHTS CLINIC

833 McCarter Highway

Newark, New Jersey 07102



Jenny-Brooke Condon, Esq.,
condonje@shu.edu

(973) 642-8700
Fax (973) 642-5939

October 25, 2006

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

## RE: VISA Processing Needed For Approved I-730s With Positive DNA Evidence

**The approved I-730s are: LIN-03-267-55227; LIN-03-267-55217; and LIN-03-267-55223.**

To Whom It May Concern:

We write to you in regards to the three above-listed I-730 Asylee Relative Petitions. Our client, Rose Ngassam (A96261832), was granted asylum in 2003 and subsequently petitioned for her seven children as asylee beneficiaries. All of the petitions were approved. The three children whose files have been returned to the Nebraska Service Center for further review have all taken DNA tests and the results are positive. Furthermore, the U.S. Embassy in Cameroon, after receiving the DNA test results for four of Ms Ngassam's children, erroneously told those four children that all of their U.S. Visas were approved, when in fact only one of the children had received a visa. Based on this erroneous information, Ms. Ngassam purchased plane tickets for all four children; but, as only one of them actually received a visa, the other three were not allowed to travel to the U.S. The tickets on hold for the three remaining children (who were inaccurately informed they had Visas) must be used by the end of this year or they expire and are of no value. Considering that the petitions filed on their behalf have been approved and that the DNA tests provide irrefutable evidence that they are the biological children of Ms. Ngassam, we are requesting that the enclosed DNA test results be reviewed and that there be no further delay in the reunification of Ms. Ngassam and her children.

The reunification of this family has already been inordinately delayed for nearly four years. The Immigration Service initially received the I-730 petitions for Ms. Ngassam's children on September 15, 2003. Initially, The U.S. Citizenship and Immigration Services lost the petitions for nearly two years. Ultimately the files and petitions were sent to the Nebraska Service Center, but the three petitions referenced above were not approved until May 12, 2005, approximately 2 years after Ms. Ngassam filed the petitions.

The approved petitions were finally referred to the United States Embassy in Cameroon for processing, where visa petition interviews were scheduled for August 12, 2005. The Embassy, however, raised questions as to supporting documentation submitted. In response, our office submitted additional documentation to the Embassy, as well as USCIS on February 1, 2006 in an attempt to resolve the matter. Despite our efforts, the Embassy returned three petitions (LIN-03-267-55227; LIN-03-267-55217; LIN-03-267-55223) to the Nebraska Service center. These files were received at the Service Center on June 6, 2006. To date, we have not received notice from USCIS of an intent to deny or any other information concerning the review.

We preformed DNA testing to firmly establish that our client is the biological mother of her children for whom she petitioned. Our office undertook a fundraising initiative to raise money so that Ms. Ngassam's children could undergo DNA testing. Our efforts were successful and we were able to have four of Ms. Ngassam's children tested and these results all came back positive. The results were forwarded to the Embassy and one of Ms. Ngassam's children has since received a VISA and has subsequently come to the United States. The remaining DNA test results establish the parental tie between our client and her three other children whose files have been under review by USCIS since June 6, 2006.

Considering that I-730 petitions have been approved for all three of these children and the fact that DNA test results provide irrefutable evidence that these three people are indeed the biological children of Ms. Ngassam, there is no need to further delay the reunification of this family that has been separated for four and a half years because of persecution. We are requesting that our office be sent status information as soon as possible and that the current review of these files be expedited so that Ms. Ngassam can be reunited with her children.

Ms Ngassam has been separated from her children for three years and is very concerned for their safety in Cameroon. Recently, Ms. Ngassam's brother, her children's only protector in Cameroon, has been killed. This has drastically increased Ms. Ngassam's anxiety with respect to her children's safety and creates a greater urgency for reunification. We hope that the submission of the DNA test results will enable this matter to be resolved expediently. Thank you in advance for your time and prompt attention to this matter.

Sincerely,


Jeremy Farrell
Lyndsay Speece
Legal Interns

Supervised by:
Jenny-Brooke Condon, Esq.
Lori Nessel, Esq.


CC:    Gregory W. Christian
       Rose Ngassam

# EXHIBIT 20

SETON HALL UNIVERSITY SCHOOL OF LAW
# CENTER FOR SOCIAL JUSTICE
IMMIGRATION AND HUMAN RIGHTS CLINIC
833 McCarter Highway
Newark, New Jersey  07102



Jenny-Brooke Condon, Esq.,
condonjc@shu.edu

(973) 642-8700
Fax (973) 642-5939

February 5, 2007

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, NE  68501-2521

# RE: DNA EVIDENCE IN SUPPORT OF REOPENED I-730 PETITIONS

**The I-730s are: LIN-03-267-55227; LIN-03-267-55217; and LIN-03-267-55223.**

To Whom It May Concern:

We are writing to you in regards to the three above-listed I-730 Asylee Relative Petitions. We received notice dated January 25, 2007 that the petitions were reopened for Pegui William Tchaptchep (LIN-03-267-55223), Brice Marius Teumen (LIN-03-267-55217), and Duclo Romuald Biakop (LIN-03-267-55227).

In support of these petitions, we are submitting official positive DNA evidence proving that these three beneficiaries are the biological children of our client Rose Ngassam (A96261832) who was granted asylum in 2003.  We previously sent copies of this DNA evidence to this office on October 25, 2006 and have attempted to resolve this matter expeditiously in light of the DNA evidence.

The reunification of this family has already been inordinately delayed for nearly four years. The Immigration Service initially received the I-730 petitions for Ms. Ngassam's children on September 15, 2003.  Initially, The U.S. Citizenship and Immigration Services lost the petitions for nearly two years.  Ultimately the files and petitions were sent to the Nebraska Service Center, and approved on May 12, 2005.

The approved petitions were finally referred to the United States Embassy in Cameroon for processing, where visa petition interviews were scheduled for August 12, 2005. The Embassy, however, raised questions as to supporting documentation submitted. In response, our office submitted additional documentation to the Embassy, as well as USCIS on February 1, 2006 in an attempt to resolve the matter. Despite our efforts, the Embassy returned three petitions (LIN-03-267-55227; LIN-03-267-55217; LIN-03-267-55223) to the Nebraska Service center. These files were received at the Service Center on June 6, 2006.

Considering that I-730 petitions have been approved for all three of these children and the fact that DNA test results provide irrefutable evidence that these three children are indeed the biological children of Ms. Ngassam, there is no need to further delay the reunification of this family that has been separated for four and a half years because of Ms. Ngassam's persecution. Based on this DNA evidence we are asking that the above-referenced petitions be re-approved, and be returned to the U.S. Embassy in Cameroon with instructions that visa interviews be scheduled as soon as possible. We have also asked the DNA testing service to send you the results directly.

Thank you for your attention to this matter.

Sincerely,


Philippe Dehaene
Lauren Yassine
Legal Interns
8 C.F.R. 292.1(a)(2)

# EXHIBIT 21

JAN 2 5 2007



U.S. Citizenship
and Immigration
Services

Refer to File Number:
A97588414/LIN 03 267 55217

ROSE NGASSAM AMOUGOU
C/O LORI NESSELOF SETON HALL LAW CTR
833 MCCARTER HIGHWAY
NEWARK NJ 07102

Dear Sir or Madam:

Case Type:  FORM I-730, REFUGEE/ASYLEE RELATIVE PETITION
Beneficiary: BRICE MARIUS TEUMEN

## INTENT TO DENY

DISCUSSION:  On September 15, 2003, you filed a Refugee/Asylee Relative petition, Form I-730, on behalf
of Brice Marius Teumen.  The petition was approved by this Service on May 12, 2005.  This Service now
moves to reopen the matter.

This Service is in possession of adverse information that you may be unaware of regarding your petition filed
on behalf of your claimed child.  Pursuant to Title 8, Code of Federal Regulations, Part 103.2(b)(16), we
hereby provide you with such information before rendering a final decision.

The consulate in Yaounde, Cameroon, returned your petition to the Service, indicating that the documentation
submitted in support of the petition was fraudulent.  The claimed relationship does not appear to exist.

The petition may be denied based upon the above information. However, you are hereby granted thirty days
from the date of this letter to submit to this office a written rebuttal to the adverse information.

Sincerely,

F. Gerard Heinauer
Director

NSC/rag349

Nebraska Service Center                                        www.uscis.gov

Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

JAN 2 6 2007



**U.S. Citizenship and Immigration Services**

Refer to File Number:
A97588416/LIN 03 267 55227

ROSE NGASSAM AMOUGOU
C/O LORI NESSELOF SETON HALL LAW CTR
833 MCCARTER HIGHWAY
NEWARK NJ 07102

Dear Sir or Madam:

Case Type:  FORM I-730, REFUGEE/ASYLEE RELATIVE PETITION
Beneficiary: DUCLO ROMUALD BIAKOP

## INTENT TO DENY

DISCUSSION:  On September 15, 2003, you filed a Refugee/Asylee Relative petition, Form I-730, on behalf of Duclo Romuald Biakop.  The petition was approved by this Service on May 12, 2005.  This Service now moves to reopen the matter.

This Service is in possession of adverse information that you may be unaware of regarding your petition filed on behalf of your claimed child.  Pursuant to Title 8, Code of Federal Regulations, Part 103.2(b)(16), we hereby provide you with such information before rendering a final decision.

The consulate in Yaounde, Cameroon, returned your petition to the Service, indicating that the documentation submitted in support of the petition was fraudulent.  The claimed relationship does not appear to exist.

The petition may be denied based upon the above information. However, you are hereby granted thirty days from the date of this letter to submit to this office a written rebuttal to the adverse information.

Sincerely,

F. Gerard Heinauer
Director

NSC/rag349

Nebraska Service Center

www.uscis.gov

P.O. Box 817
Avenue Rosa Parks
Yaounde, Cameroon
Phone: 237-223-1500
Fax: 237-223-1572

**United States
Embassy
Yaounde, Cameroon**

# Memo

To:           USCIS Nebraska Service Center
From:        Pauline N. Borderies, Vice Consul, U.S. Embassy Yaounde
Cleared by:  Williams D. Swaney, Section Chief, U.S. Embassy Yaounde
Date:        March 09, 2006
Re:          Recommendation for Petition Revocation in case:   LIN-03-267-55217
                                                                LIN-03-267-55227
                                                                LIN-03-267-55223

---

Please find attached approved I-730 petitions in the above-mentioned case. Per 9 FAM 42.43 N2, these petitions are being returned for your reconsideration and, if appropriate, revocation because a field investigation revealed clear reason to believe that petition approvals were obtained by fraud or misrepresentation.

The beneficiaries appeared for interview at Embassy Yaounde on August 12, 2005. During the interview the applicants, submitted documents and photographs as proof of relationship with petitioner, which were not definitive enough to establish a bona fide relationship with the petitioner. Also, the birth certificates, copied in the approved I-730 petitions, appeared suspicious given that the applicants appeared to be much older that the age they claimed. Thus, Conoff asked the Embassy Yaounde Fraud Prevention Unit (FPU) to verify and authenticate the applicants' birth certificates with the Civil Status Registration Centre of 'New Bell Douala', 'Deido et Akwa Nord' and 'Akwa-Douala' that purportedly had issued them.

According to the Civil Status Registrar of New Bell Douala, birth certificate N°1709/87B submitted by the beneficiary LIN-03-267-55217 does not exist in its archives as no birth certificate was established on May 31, 1987 as it appears on the 'birth certificate' submitted by the applicant.

According to the Civil Status Register of Deido et Akwa Nord, legitimate birth certificate N°2638/89 submitted by the beneficiary LIN-03-267-55227 is issued in the names of Raissa Reine Ndome born on March 17 1989 and *not* beneficiary Biakop, Duclo Romuald allegedly born on June 22, 1989 as it appears on the 'birth certificate' submitted by the applicant.

According to the Civil Status Register of Akwa-Douala, legitimate birth certificate N°831/90 submitted by the beneficiary LIN-03-267-55223 is issued in the names of Nziegam Aissatou born on April 09, 1990 and *not* beneficiary Tchaptchep, Pegui Willaim allegedly born on April 06, 1990 as it appears on the 'birth certificate' submitted by the applicant. The legitimate birth certificate was drawn up on April 19, 1990 in accordance with the declaration of maternity registration N°3621 and *not* drawn up on April 29, 1990 in accordance with the declaration of maternity registration 1124 as it appears on the 'birth certificate' submitted by the applicant.

Based upon the preceding, the birth certificates submitted by the beneficiaries are not genuine

Therefore, the birth certificates copied in the approved I-730 petitions and presented by the applicants have been determined fake by the office that allegedly issued them. Because the birth certificate is the primary piece of identification used to establish other documents, including passports and adoption decrees, Post is unable to confirm that the beneficiaries named in the approved I-730 petitions even exist in those names.

As a result, Post is unable to establish that the relationship claimed in the approved I-730 petitions exists and, thus, the applicants are not entitled to immigration benefits. Therefore, we return the enclosed petitions for your review, with the recommendations that: (1) the petitions be revoked; and (2) if appropriate, the petitioner's A file be reviewed.



Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

**U.S. Citizenship
and Immigration
Services**

JAN 2 5 2007

Refer to File Number:
A97588415/LIN 03 267 55223

ROSE NGASSAM AMOUGOU
C/O LORI NESSEL SETON HALL LAW CTR
833 MCCARTER HIGHWAY
NEWARK NJ 07102

Dear Sir or Madam:

Case Type:  FORM I-730, REFUGEE/ASYLEE RELATIVE PETITION
Beneficiary: PEGUI WILLIAM TCHAPTCHEP

### INTENT TO DENY

DISCUSSION:  On September 15, 2003, you filed a Refugee/Asylee Relative petition, Form I-730, on behalf of Tegui Willima Tchaptchep.  The petition was approved by this Service on May 12, 2005.  This Service now moves to reopen the matter.

This Service is in possession of adverse information that you may be unaware of regarding your petition filed on behalf of your claimed child, Pegui William Tchaptchep.  Pursuant to Title 8, Code of Federal Regulations, Part 103.2(b)(16), we hereby provide you with such information before rendering a final decision.

The consulate in Yaounde, Cameroon, returned your petition to the Service, indicating that the documentation submitted in support of the petition was fraudulent.  The claimed relationship does not appear to exist.

The petition may be denied based upon the above information. However, you are hereby granted thirty days from the date of this letter to submit to this office a written rebuttal to the adverse information.

Sincerely,

F. Gerard Heinauer
Director

NSC/rag349

**Nebraska Service Center**                                         **www.uscis.gov**

P.O. Box 817
Avenue Rosa Parks
Yaounde, Cameroon
Phone: 237-223-1500
Fax: 237-223-1572

**United States
Embassy
Yaounde, Cameroon**

# Memo

| | |
|---|---|
| **To:** | USCIS Nebraska Service Center |
| **From:** | Pauline N. Borderies, Vice Consul, U.S. Embassy Yaounde |
| **Cleared by:** | Williams D. Swaney, Section Chief, U.S. Embassy Yaounde |
| **Date:** | March 09, 2006 |
| **Re:** | Recommendation for Petition Revocation in case:  LIN-03-267-55217 |
| | LIN-03-267-55227 |
| | LIN-03-267-55223 |

Please find attached approved I-730 petitions in the above-mentioned case. Per 9 FAM 42.43 N2, these petitions are being returned for your reconsideration and, if appropriate, revocation because a field investigation revealed clear reason to believe that petition approvals were obtained by fraud or misrepresentation.

The beneficiaries appeared for interview at Embassy Yaounde on August 12, 2005. During the interview the applicants, submitted documents and photographs as proof of relationship with petitioner, which were not definitive enough to establish a bona fide relationship with the petitioner. Also, the birth certificates, copied in the approved I-730 petitions, appeared suspicious given that the applicants appeared to be much older that the age they claimed. Thus, Conoff asked the Embassy Yaounde Fraud Prevention Unit (FPU) to verify and authenticate the applicants' birth certificates with the Civil Status Registration Centre of 'New Bell Douala', 'Deido et Akwa Nord' and 'Akwa-Douala' that purportedly had issued them.

According to the Civil Status Registrar of New Bell Douala, birth certificate N°1709/87B submitted by the beneficiary LIN-03-267-55217 does not exist in its archives as no birth certificate was established on May 31, 1987 as it appears on the 'birth certificate' submitted by the applicant.

According to the Civil Status Register of Deido et Akwa Nord, legitimate birth certificate N°2638/89 submitted by the beneficiary LIN-03-267-55227 is issued in the names of Raissa Reine Ndome born on March 17 1989 and *not* beneficiary Biakop, Duclo Romuald allegedly born on June 22, 1989 as it appears on the 'birth certificate' submitted by the applicant.

According to the Civil Status Register of Akwa-Douala, legitimate birth certificate N°831/90 submitted by the beneficiary LIN-03-267-55223 is issued in the names of Nziegam Aissatou born on April 09, 1990 and *not* beneficiary Tchaptchep, Pegui Willaim allegedly born on April 06, 1990 as it appears on the 'birth certificate' submitted by the applicant. The legitimate birth certificate was drawn up on April 19, 1990 in accordance with the declaration of maternity registration N°3621 and *not* drawn up on April 29, 1990 in accordance with the declaration of maternity registration 1124 as it appears on the 'birth certificate' submitted by the applicant

Based upon the preceding, the birth certificates submitted by the beneficiaries are not genuine

Therefore, the birth certificates copied in the approved I-730 petitions and presented by the applicants have been determined fake by the office that allegedly issued them. Because the birth certificate is the primary piece of identification used to establish other documents, including passports and adoption decrees, Post is unable to confirm that the beneficiaries named in the approved I-730 petitions even exist in those names.

As a result, Post is unable to establish that the relationship claimed in the approved I-730 petitions exists and, thus, the applicants are not entitled to immigration benefits. Therefore, we return the enclosed petitions for your review, with the recommendations that: (1) the petitions be revoked; and (2) if appropriate, the petitioner's A file be reviewed.

P.O. Box 817
Avenue Rosa Parks
Yaounde, Cameroon
Phone: 237-223-1500
Fax: 237-223-1572



# Memo

| | |
|---|---|
| To: | USCIS Nebraska Service Center |
| From: | Pauline N. Borderies, Vice Consul, U.S. Embassy Yaounde |
| Cleared by: | Williams D. Swaney, Section Chief, U.S. Embassy Yaounde |
| Date: | March 09, 2006 |
| Re: | Recommendation for Petition Revocation in case:  LIN-03-267-55217<br>LIN-03-267-55227<br>LIN-03-267-55223 |

Please find attached approved I-730 petitions in the above-mentioned case. Per 9 FAM 42.43 N2, these petitions are being returned for your reconsideration and, if appropriate, revocation because a field investigation revealed clear reason to believe that petition approvals were obtained by fraud or misrepresentation.

The beneficiaries appeared for interview at Embassy Yaounde on August 12, 2005. During the interview the applicants, submitted documents and photographs as proof of relationship with petitioner, which were not definitive enough to establish a bona fide relationship with the petitioner. Also, the birth certificates, copied in the approved I-730 petitions, appeared suspicious given that the applicants appeared to be much older that the age they claimed. Thus, Conoff asked the Embassy Yaounde Fraud Prevention Unit (FPU) to verify and authenticate the applicants' birth certificates with the Civil Status Registration Centre of 'New Bell Douala', 'Deido et Akwa Nord' and 'Akwa-Douala' that purportedly had issued them.

According to the Civil Status Registrar of New Bell Douala, birth certificate N°1709/87B submitted by the beneficiary LIN-03-267-55217 does not exist in its archives as no birth certificate was established on May 31, 1987 as it appears on the 'birth certificate' submitted by the applicant.

According to the Civil Status Register of Deido et Akwa Nord, legitimate birth certificate N°2638/89 submitted by the beneficiary LIN-03-267-55227 is issued in the names of Raissa Reine Ndome born on March 17 1989 and *not* beneficiary Biakop, Duclo Romuald allegedly born on June 22, 1989 as it appears on the 'birth certificate' submitted by the applicant.

According to the Civil Status Register of Akwa-Douala, legitimate birth certificate N°831/90 submitted by the beneficiary LIN-03-267-55223 is issued in the names of Nziegam Aissatou born on April 09, 1990 and *not* beneficiary Tchaptchep, Pegui Wilaim allegedly born on April 06, 1990 as it appears on the 'birth certificate' submitted by the applicant. The legitimate birth certificate was drawn up on April 19, 1990 in accordance with the declaration of maternity registration N°3621 and *not* drawn up on April 29, 1990 in accordance with the declaration of maternity registration 1124 as it appears on the 'birth certificate' submitted by the applicant

Based upon the preceding, the birth certificates submitted by the beneficiaries are not genuine

Therefore, the birth certificates copied in the approved I-730 petitions and presented by the applicants have been determined fake by the office that allegedly issued them. Because the birth certificate is the primary piece of identification used to establish other documents, including passports and adoption decrees, Post is unable to confirm that the beneficiaries named in the approved I-730 petitions even exist in those names.

As a result, Post is unable to establish that the relationship claimed in the approved I-730 petitions exists and, thus, the applicants are not entitled to immigration benefits. Therefore, we return the enclosed petitions for your review, with the recommendations that: (1) the petitions be revoked; and (2) if appropriate, the petitioner's A file be reviewed.

# EXHIBIT 22

SETON HALL UNIVERSITY SCHOOL OF LAW
# CENTER FOR SOCIAL JUSTICE
IMMIGRATION AND HUMAN RIGHTS CLINIC
833 McCarter Highway
Newark, New Jersey 07102



Jenny-Brooke Condon, Esq.,
condonjc@shu.edu

(973) 642-8700
Fax (973) 642-5939

February 16, 2007

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

# RE: RESPONSE TO INTENT TO DENY REOPENED I-730 PETITION

**Petition #s: LIN-03-267-55227; LIN-03-267-55217; and LIN-03-267-55223**

To Whom It May Concern:

Please accept the following letter on behalf of asylee-petitioner, Rose Ngassam in response to USCIS's Notice of Intent to Deny approved I-730 petitions filed on behalf of three of Ms. Ngassam's children, Duclo Romuald Biakop (LIN-03-267-55227), Pegui William Tchptchep (LIN-03-267-55223), and Brice Marius Teumen (LIN-03-267-55217). These petitions should be re-approved and sent to the U.S. embassy in Cameroon for expedited visa processing in light of conclusive DNA evidence that the beneficiaries are the biological children of the petitioner. Ms. Ngassam previously submitted copies of the DNA testing results to USCIS, as soon as it became available. After the petitions were reopened on January 25, 2007, DNA Diagnostic Center, the company that conducted the tests for Ms. Ngassam's family, immediately sent official records of the DNA evidence directly to USCIS.*

As explained in earlier correspondence with USCIS, after the U.S. embassy in Cameroon returned Ms. Ngassam's file to the U.S., this office discovered that the birth certificates originally submitted with Ms. Ngassam's petitions may not have been official documents because of the interference of Ms. Ngassam's estranged husband. The husband, a member of the military police in Cameroon whose abuse of Ms. Ngassam was a basis for her claim for asylum, retained

---

\* The DNA evidence was submitted preemptively to USCIS on February 5, 2007, upon notice that the three beneficiaries' files were being reopened. This current letter is being submitted within the 30 day deadline provided by the notices of intent to deny, dated January 26, 2007, and should be considered Ms. Ngassam's formal response to the intent to deny.

possession of the children's original birth certificates after Ms. Ngassam fled Cameroon. The copies of the birth certificates previously submitted in Ms. Ngassam's case were obtained by Ms. Ngassam's family members from her estranged husband. Ms. Ngassam was not informed of this by her family members. Although Ms. Ngassam and this office did not know it at the time, apparently the birth certificates that he provided may not have been original and official birth certificates. As explained in Ms. Ngassam's attached affidavit, *See* **Exhibit A, Affidavit of Rose Ngassam**, her estranged husband is still very angry and resentful of her status in the United States, and she is afraid that he would do anything to hurt her and her children.

Ms. Ngassam's Affidavit explains that upon learning of the problem, she subsequently obtained duplicates of her children's official birth certificates from Cameroon, and provided them to the embassy and USCIS. However, to avoid unnecessary delay in reunifying with her children, who she has not seen in nearly five years, Ms. Ngassam and her children underwent DNA testing to prove unequivocally their biological relationship. The results of that test verified that Ms. Ngassam is the biological mother of all three children.

Upon receiving the notice dated January 25, 2007 that the three petitions were reopened, this office forwarded USCIS an official sealed copy of the DNA results. In addition, the DNA Diagnostic Center, which is an accredited testing service according to USCIS standards, sent a second official copy directly to USCIS. Another courtesy copy of these results is included here for your reference. *See* **Exhibit B, Copy of DNA test results.**

Due to the indisputable nature of the DNA evidence proving that the beneficiaries are the biological children of Ms. Ngassam, and the fact that Ms. Ngassam was unaware of her former abusive husband's role in obtaining the birth certificates originally submitted in this case, the petitions should be re-approved without delay.

The persecution Ms. Ngassam suffered in Cameroon at the hands of her husband and the government on account of her political activism raising awareness about AIDS forced her to leave her children behind. Due to circumstances beyond her control she has not seen her children in nearly five years. She hopes that this conclusive evidence and explanation will finally allow her to reunite her family in safety.

Thank you for your attention to this matter.

Sincerely,


Philippe Dehaene
Lauren Yassine
Legal Interns
8 C.F.R. 292.1(a)(2)

# EXHIBIT 23

U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

APR 3 0 2007



**U.S. Citizenship
and Immigration
Services**

Refer to File Number:
A97588414/LIN 03 267 55217

ROSE NGASSAM AMOUGOU
C/O SETON HALL LAW CENTER
833 MCCARTER HIGHWAY
NEWARK NJ 07102

Dear Sir or Madam:

Case Type:   FORM I-730, REFUGEE/ASYLEE RELATIVE PETITION
Beneficiary: BRICE MARIUS TEUMEN

## DECISION

On September 15, 2003, you filed a Refugee/Asylee Relative Petition, Form I-730, with this Service on behalf of your claimed child, Brice Teumen.

That petition was approved by this office on May 12, 2005, on the basis of the statements contained on your petition and documentary evidence attached thereto.  The petition was approved under section 208 of the Immigration and Nationality Act and forwarded to the American Embassy in Yaounde, Cameroon, for visa issuance.

You were informed by this office in a letter dated January 25, 2007, that the petition was reopened and may be denied on the basis of additional evidence obtained during the beneficiary's interview processing abroad. During that interview it was revealed that the birth certificate of the beneficiary submitted with the petition was deemed to be fraudulent.  The consulate noted that the beneficiary appeared to be much older than claimed on the petition.  You were provided with the information obtained during the beneficiary's interview and given thirty days to respond in writing to this office of your opposition to the proposed denial and to provide additional evidence in support of your petition.

Your response to the Service's Intent to Deny, received on February 9th and again on February 20, 2007, included DNA testing results between yourself and the beneficiary, a copy of a photo of yourself, consent forms for you and your claimed beneficiaries through the DNA testing facility, a poor photocopy of your New York state drivers license, copies of handwritten passport pages of the beneficiary(s), specimen log-in sheets from the DNA testing facility, and finally copies of I-797 Approval notices for previously filed I-730 petitions filed by you.

The Service acknowledges the results of the DNA testing facility as proof of your biological parentage of the beneficiary.  However, the consular findings also stated that the beneficiary appeared to be much older than claimed on the form and the birth certificate as submitted.  The research of the birth record by the consulate in fact proved that you submitted fictitious birth records in support of this petition.  The birth record that you

Nebraska Service Center

www.uscis.gov

submitted as a true and accurate record of the age and parentage of the beneficiary actually did not exist in the Registrar archive of births. The consular officials, then, were unable to confirm that the beneficiary named in this approved petition even existed. In addition, the age and marital status of the claimed beneficiary has not been established, and you have not proven that the beneficiary is eligible for the benefit sought.

To be eligible for classification as a following-to-join relative under Section 208 of the Act, the relationship between you and the beneficiary must have existed when your application for asylum in the United States was approved.

Title 8, Code of Federal Regulations, part 208.21(a) states, in pertinent part:

> *Eligibility*. In accordance with section 208(b)(3) of the Act, a spouse, as defined in Section 101(a)(35) of the Act, 8 U.S.C. 1101(a)(35), or child, as defined in section 101(b)(1) of the Act, also may be granted asylum if accompanying, or following to join, the principal alien who was granted asylum . . . .

Title 8, Code of Federal Regulations, part 208.21(b) states, in pertinent part:

> (a) <u>Eligibility</u>. A spouse, as defined in Section 101(a)(35) of the Act, 8 U.S.C. 1101(a)(35), or child, as defined in section 101(b)(1)(A), (B), (C), (D), (E), or (F) of the Act, also may be granted asylum if accompanying or following to join the principal alien who was granted asylum . . . . .

Section 101(b)(1) of the Act states in pertinent part:

> The term "child" means an unmarried person under twenty-one years of age who is--

> (A)     a child born in wedlock;

> (B)     a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred;

> (C)     a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation;

> (D)     a child born out of wedlock, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother or to its natural father if the father has or had a bona fide parent/child relationship with the person . . . .

Title 8, Code of Federal Regulations, part 208.21(f) states:

> Burden of Proof. To establish the claimed relationship of spouse or child as defined in sections 101(a)(35) and 101(b)(1) of the Act, evidence must be submitted with the request as set forth in part 204 of this chapter. Where possible this will consist of the documents specified in 204.2(a)(1)(i)(B), (a)(1)(iii)(B), (a)(2), (d)(2), and (d)(5) of this chapter. The burden of proof is on the principal alien to establish by a preponderance of the evidence that any person on whose behalf he or she is making a request under this section is an eligible spouse or child.

Title 8, Code of Federal Regulations, part 103.2 states in pertinent part:

> Every application, petition, appeal, motion, request, or other document submitted on the form prescribed by this chapter shall be executed and filed in accordance with the instructions on the form, such instructions (including where an application or petition should be filed) being hereby incorporated into the particular section of the regulations in this chapter requiring its submission. . . .

Form I-730 Refugee/Asylee Relative Petition Instructions part 3 states in pertinent part:

- In all cases, submit evidence of your status as a refugee or asylee in the United States.

- In all cases, submit a recent clear photograph of the family member you are filing for.

- If you are petitioning for your child and you are the natural mother, , whether the child was born in or out of wedlock, submit the child's birth certificate showing both the child's name and your name.

In Matter of Ho, 19 I&N Dec. 582 (BIA 1988), it was held that where inconsistencies appear in the record, it is incumbent on the petitioner to resolve or explain those discrepancies by independent, objective evidence.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. Matter of Brantigan, 11 I&N Dec. 493 (BIA 1966).  The petitioner has clearly not met such burden.

In view of the above, this petition must be and hereby is denied.

This denial may not be appealed.

Sincerely,

F. Gerard Heinauer
Director

NSC/rag349

cc: American Consulate/Embassy in Yaounde, Cameroon



U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

APR 3 0 2007

**U.S. Citizenship
and Immigration
Services**

Refer to File Number:
A97588415/LIN 03 267 55223

ROSE NGASSAM AMOUGOU
C/O SETON HALL LAW CENTER
833 MCCARTER HIGHWAY
NEWARK NJ 07102

Dear Sir or Madam:

Case Type:  FORM I-730, REFUGEE/ASYLEE RELATIVE PETITION
Beneficiary: PEGUI WILLIAM TCHAPTCHEP

## DECISION

On September 15, 2003, you filed a Refugee/Asylee Relative Petition, Form I-730, with this Service on behalf of your claimed child, Pegui Tchaptchep.

That petition was approved by this office on May 12, 2005, on the basis of the statements contained on your petition and documentary evidence attached thereto.  The petition was approved under section 208 of the Immigration and Nationality Act and forwarded to the American Embassy in Yaounde, Cameroon, for visa issuance.

You were informed by this office in a letter dated January 25, 2007, that the petition was reopened and may be denied on the basis of additional evidence obtained during the beneficiary's interview processing abroad. During that interview it was revealed that the birth certificate of the beneficiary submitted with the petition was deemed to be fraudulent.  The consulate noted that the beneficiary appeared to be much older than claimed on the petition.  You were provided with the information obtained during the beneficiary's interview and given thirty days to respond in writing to this office of your opposition to the proposed denial and to provide additional evidence in support of your petition.

Your response to the Service's Intent to Deny, received on February 9, 2007, included DNA testing results between yourself and the beneficiary, a copy of a photo of yourself, consent forms for you and your claimed beneficiaries through the DNA testing facility, a poor photocopy of your New York state drivers license, copies of handwritten passport pages of the beneficiary(s), specimen log-in sheets from the DNA testing facility, and finally copies of I-797 Approval notices for previously filed I-730 petitions filed by you.

The Service acknowledges the results of the DNA testing facility as proof of your biological parentage of the beneficiary.  However, the consular findings also stated that the beneficiary appeared to be much older than claimed on the form and the birth certificate as submitted.  The research of the birth record by the consulate in fact proved that you submitted fictitious birth records in support of this petition.  The birth record that you submitted as a true and accurate record of the age and parentage of the beneficiary actually was issued to a

ROSE NGASSAM AMOUGOU
Page 2

'Nziegam Aissatou', not the beneficiary as you claim. The consular officials, then, were unable to confirm that the beneficiary named in this approved petition even existed.   In addition, the age and marital status of the claimed beneficiary has not been established, and you have not proven that the beneficiary is eligible for the benefit sought.

To be eligible for classification as a following-to-join relative under Section 208 of the Act, the relationship between you and the beneficiary must have existed when your application for asylum in the United States was approved.

Title 8, Code of Federal Regulations, part 208.21(a) states, in pertinent part:

> *Eligibility*.  In accordance with section 208(b)(3) of the Act, a spouse, as defined in Section 101(a)(35) of the Act, 8 U.S.C. 1101(a)(35), or child, as defined in section 101(b)(1) of the Act, also may be granted asylum if accompanying, or following to join, the principal alien who was granted asylum . . . .

Title 8, Code of Federal Regulations, part 208.21(b) states, in pertinent part:

> (a) <u>Eligibility</u>.  A spouse, as defined in Section 101(a)(35) of the Act, 8 U.S.C. 1101(a)(35), or child, as defined in section 101(b)(1)(A), (B), (C), (D), (E), or (F) of the Act, also may be granted asylum if accompanying or following to join the principal alien who was granted asylum . . . . .

Section 101(b)(1) of the Act states in pertinent part:

> The term "child" means an unmarried person under twenty-one years of age who is--

> (A)    a child born in wedlock;

> (B)    a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred;

> (C)     a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation;

> (D)    a child born out of wedlock, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother or to its natural father if the father has or had a bona fide parent/child relationship with the person . . . .

Title 8, Code of Federal Regulations, part 208.21(f) states:

> Burden of Proof.  To establish the claimed relationship of spouse or child as defined in sections 101(a)(35) and 101(b)(1) of the Act, evidence must be submitted with the request as set forth in part 204 of this chapter.  Where possible this will consist of the documents specified in 204.2(a)(1)(i)(B), (a)(1)(iii)(B), (a)(2), (d)(2), and (d)(5) of this chapter.  The burden of proof is on the principal alien to establish by a preponderance of the evidence that any person on whose behalf he or she is making a request under this section is an eligible spouse or child.

Title 8, Code of Federal Regulations, part 103.2 states in pertinent part:

> Every application, petition, appeal, motion, request, or other document submitted on the form prescribed by this chapter shall be executed and filed in accordance with the instructions on the form, such instructions (including where an application or petition should be filed) being hereby incorporated into the particular section of the regulations in this chapter requiring its submission. . . .

Form I-730 Refugee/Asylee Relative Petition Instructions part 3 states in pertinent part:

- In all cases, submit evidence of your status as a refugee or asylee in the United States.

- In all cases, submit a recent clear photograph of the family member you are filing for.

- If you are petitioning for your child and you are the natural mother, , whether the child was born in or out of wedlock, submit the child's birth certificate showing both the child's name and your name.

In Matter of Ho, 19 I&N Dec. 582 (BIA 1988), it was held that where inconsistencies appear in the record, it is incumbent on the petitioner to resolve or explain those discrepancies by independent, objective evidence.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. Matter of Brantigan, 11 I&N Dec. 493 (BIA 1966).  The petitioner has clearly not met such burden.

In view of the above, this petition must be and hereby is denied.

This denial may not be appealed.

Sincerely,

F. Gerard Heinauer
Director

NSC/rag349

cc: American Consulate/Embassy in Yaounde, Cameroon

U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

APR 3 0 2007



U.S. Citizenship
and Immigration
Services

Refer to File Number:
A97588416/LIN 03 267 55227

ROSE NGASSAM AMOUGOU
C/O SETON HALL LAW CENTER
833 MCCARTER HIGHWAY
NEWARK NJ 07102

Dear Sir or Madam:

Case Type: FORM I-730, REFUGEE/ASYLEE RELATIVE PETITION
Beneficiary: DUCLO ROMUALD BIAKOP

## DECISION

On September 15, 2003, you filed a Refugee/Asylee Relative Petition, Form I-730, with this Service on behalf of your claimed child, Duclo Romuald Biakop.

That petition was approved by this office on May 12, 2005, on the basis of the statements contained on your petition and documentary evidence attached thereto. The petition was approved under section 208 of the Immigration and Nationality Act and forwarded to the American Embassy in Yaounde, Cameroon, for visa issuance.

You were informed by this office in a letter dated January 26, 2007, that the petition was reopened and may be denied on the basis of additional evidence obtained during the beneficiary's interview processing abroad. During that interview it was revealed that the birth certificate of the beneficiary submitted with the petition was deemed to be fraudulent. The consulate noted that the beneficiary appeared to be much older than claimed on the petition. You were provided with the information obtained during the beneficiary's interview and given thirty days to respond in writing to this office of your opposition to the proposed denial and to provide additional evidence in support of your petition.

Your response to the Service's Intent to Deny, received on February 20, 2007, included DNA testing results between yourself and the beneficiary, a copy of a photo of yourself, consent forms for you and your claimed beneficiaries through the DNA testing facility, a poor photocopy of your New York state drivers license, copies of handwritten passport pages of the beneficiary(s), specimen log-in sheets from the DNA testing facility, and finally copies of I-797 Approval notices for previously filed I-730 petitions filed by you.

The Service acknowledges the results of the DNA testing facility as proof of your biological parentage of the beneficiary. However, the consular findings also stated that the beneficiary appeared to be much older than claimed on the form and the birth certificate as submitted. The research of the birth record by the consulate in fact proved that you submitted fictitious birth records in support of this petition. The birth record that you submitted as a true and accurate record of the age and parentage of the beneficiary actually was issued to a

Nebraska Service Center

www.uscis.gov

ROSE NGASSAM AMOUGOU
Page 2

'Raissa Reine Ndome' born on March 17, 1989, and not Duclo Biakop.  The consular officials, then, were unable to confirm that the beneficiary named in this approved petition even existed.   In addition, the age and marital status of the claimed beneficiary has not been established, and you have not proven that the beneficiary is eligible for the benefit sought.

To be eligible for classification as a following-to-join relative under Section 208 of the Act, the relationship between you and the beneficiary must have existed when your application for asylum in the United States was approved.

Title 8, Code of Federal Regulations, part 208.21(a) states, in pertinent part:

> *Eligibility.*  In accordance with section 208(b)(3) of the Act, a spouse, as defined in Section 101(a)(35) of the Act, 8 U.S.C. 1101(a)(35), or child, as defined in section 101(b)(1) of the Act, also may be granted asylum if accompanying, or following to join, the principal alien who was granted asylum . . . .

Title 8, Code of Federal Regulations, part 208.21(b) states, in pertinent part:

> (a) <u>Eligibility</u>.  A spouse, as defined in Section 101(a)(35) of the Act, 8 U.S.C. 1101(a)(35), or child, as defined in section 101(b)(1)(A), (B), (C), (D), (E), or (F) of the Act, also may be granted asylum if accompanying or following to join the principal alien who was granted asylum . . . . .

Section 101(b)(1) of the Act states in pertinent part:

> The term "child" means an unmarried person under twenty-one years of age who is--
>
> (A)     a child born in wedlock;
>
> (B)     a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred;
>
> (C)     a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation;
>
> (D)     a child born out of wedlock, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother or to its natural father if the father has or had a bona fide parent/child relationship with the person . . . .

Title 8, Code of Federal Regulations, part 208.21(f) states:

> Burden of Proof.  To establish the claimed relationship of spouse or child as defined in sections 101(a)(35) and 101(b)(1) of the Act, evidence must be submitted with the request as set forth in part 204 of this chapter.  Where possible this will consist of the documents specified in 204.2(a)(1)(i)(B), (a)(1)(iii)(B), (a)(2), (d)(2), and (d)(5) of this chapter.  The burden of proof is on the principal alien to establish by a preponderance of the evidence that any person on whose behalf he or she is making a request under this section is an eligible spouse or child.

ROSE NGASSAM AMOUGOU
Page 3

Title 8, Code of Federal Regulations, part 103.2 states in pertinent part:

> Every application, petition, appeal, motion, request, or other document submitted on the form prescribed by this chapter shall be executed and filed in accordance with the instructions on the form, such instructions (including where an application or petition should be filed) being hereby incorporated into the particular section of the regulations in this chapter requiring its submission. . . .

Form I-730 Refugee/Asylee Relative Petition Instructions part 3 states in pertinent part:

- In all cases, submit evidence of your status as a refugee or asylee in the United States.

- In all cases, submit a recent clear photograph of the family member you are filing for.

- If you are petitioning for your child and you are the natural mother, , whether the child was born in or out of wedlock, submit the child's birth certificate showing both the child's name and your name.

In Matter of Ho, 19 I&N Dec. 582 (BIA 1988), it was held that where inconsistencies appear in the record, it is incumbent on the petitioner to resolve or explain those discrepancies by independent, objective evidence.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. Matter of Brantigan, 11 I&N Dec. 493 (BIA 1966). The petitioner has clearly not met such burden.

In view of the above, this petition must be and hereby is denied.

This denial may not be appealed.

Sincerely,

F. Gerard Heinauer
Director

NSC/rag349

cc: American Consulate/Embassy in Yaounde, Cameroon

# EXHIBIT 24

## HOPITAL LAQUINTINIE DE DOUALA

I. D. E

### SERVICE D'ANESTESIE – REANIMATION
### UNITE DE REANIMATION

### CERTIFICAT DE GENRE DE MORT

**Dr. NGOUFACK Caroline**
Médecin
HOPITAL LAQUINTINIE

Je soussigné.....................................

Médecin en service à L'HOPITAL LAQUINTINIE DE DOUALA.

Certifie avoir constaté le décès de Mme, Mlle ,M<sup>r</sup> MANGWA Jean

.............................................. Agée (de) 52 ans

Adresse...............................................

Le 03 / 05 / 06 à 19H.............. dans l'unité de Réanimation / Petit payant / H.Standing

Cause présumée de la mort ............ Traumatisme crânien

En foi de quoi le présent certificat est délivré pour servir et valoir ce que de droit.

Douala, le 04 / 05 / 06
LE MEDECIN CHEF DE L'UNITE

Dr. NGOUFACK Caroline
Médecin
HOPITAL LAQUINTINIE

---

MINISTERE DE LA SANTE PUBLIQUE         REPUBLIQUE DU CAMEROUN
B.P :4035 DOUALA   TEL :(237) 342 68 68 / 342 23 10     PAIX - TRAVAIL - PATRIE

## HOPITAL LAQUINTINIE DE DOUALA

I. D. E

### SERVICE D'ANESTESIE – REANIMATION
### UNITE DE REANIMATION

### PERMIS D'INHUMER

**Dr. NGOUFACK Caroline**
Médecin
HOPITAL LAQUINTINIE

Je soussigné,.....................................

Médecin en service à L'HOPITAL LAQUINTINIE DE DOUALA.

Certifie avoir constaté le décès de Mme, Mlle ,M<sup>r</sup> MANGWA Jean

.............................................. Agée (de) 52 ans

Adresse...............................................

Le 03 / 05 / 06 à 19H.............. dans l'unité de Réanimation / Petit payant / H.Standing

De procéder à l'enlèvement de ce corps pour les fins d'Inhumation.

Douala, le 04 / 05 / 06
LE MEDECIN CHEF DE L'UNITE

Dr. NGOUFACK Caroline
Médecin
HOPITAL LAQUINTINIE

The Laquintinie de Douala Hospital

Anesthesiology(?) Service—Intensive Care Unit

## MANOR OF DEATH CERTIFICATE

I, Dr. Caroline Ngoufack, Staff doctor at the Laquintinie de Douala Hospital, certify that I

declared the death of Mr. Jean Mangwa, age 52, address _____, on  03/05/06 at

7:00PM in the intensive care unit.  The cause of death is presumed to be   Head Trauma.

[This certificate has legal value??]

Dated: 04/05/06 in Douala.

---

The Laquintinie de Douala Hospital

Anesthesiology(?) Service—Intensive Care Unit

## BURIAL PERMIT

I, Dr. Caroline Ngoufack, Staff doctor at the Laquintinie de Douala Hospital, certify that I

declared the death of Mr. Jean Mangwa, age 52, address _____, on  03/05/06 at

7:00PM in the intensive care unit.

The body may be removed for burial.

Dated: 04/05/06 in Douala.

## CERTIFICATION OF TRANSLATION

I, _Michael McGhee_ , hereby certify that I am fluent in French and English and I have translated the attached from French to English. The attached translation is accurate to the best of my ability.

Date: _9/10/2007_

_____
Translator Signature