UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSE AMOUGOU NGASSAM<br><br>Plaintiff,<br><br>v.<br><br><br><br><br><br>MICHAEL CHERTOFF,<br>Secretary of Department of Homeland Security; EMILIO GONZALEZ, Director of United States Citizenship & Immigration Services, F. GERARD HEINAUER, Director of the Nebraska Service Center of United States Citizenship & Immigration Services<br><br>Defendants. | Case No: 07 Civ. 8172 (LLS)<br><br><br><br>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION |

INTRODUCTION

Jurisdiction exists in this case because Plaintiff seeks review of a non-discretionary agency decision finding that her children are not statutorily eligible for derivative asylum. This is not a challenge to a discretionary grant or denial of derivative asylum and is not a challenge to a U.S. embassy's denial of a visa abroad. The United States Court of Appeals for the Second Circuit recently made eminently clear that there is a difference between agency determinations regarding an individual's eligibility for

immigrant status and discretionary decisions to grant or deny status. Kwao v. U.S. Citizenship and Immigration Service, Slip Copy, 2007 WL 4196604 (2d Cir. Nov. 28, 2007) (finding jurisdiction to address agency's non-discretionary determination that applicant was not eligible for adjustment of status). The Court was clear: federal Courts have jurisdiction over the former. Id.

On October 3, 2007, Plaintiff filed a Motion to Reconsider the Court's sua sponte dismissal of her Complaint to articulate the well-settled law holding that courts have authority to review non-discretionary agency decisions regarding legal eligibility for derivative asylum. On December 3, 2007, Defendants filed a letter response to Plaintiff's Motion, nearly three weeks after the deadline set by Court order. In accordance with Local Civil Rule 6.1, Plaintiff now submits this Reply.

Plaintiff's submits that (1) the government's untimely response should not be considered because it failed to comply with Fed. R. Civ. P. 6(b); (2) the government's response on the merits fails to refute Plaintiff's demonstrated basis for jurisdiction under the APA and Mandamus statute. Accordingly, Plaintiff respectfully requests that the Court rule on her Motion without consideration of the Defendants' Response and reinstate her Complaint and Order to Show Cause for Preliminary Injunction.[1]

---

[1] As noted in the letter from undersigned counsel submitted to the Court and the government on November 27, 2007, lead counsel for the Plaintiff, Jenny-Brooke Condon, Esq. will be out of the country pursuant to long-standing plans from today through December 29, 2007. Given the urgent nature of this matter, Plaintiff had hoped this Motion could be resolved as soon as possible, particularly after the Government's deadline for Opposition passed. Now that Defendants have delayed resolution of the Motion to Reconsider by filing an untimely opposition nearly three weeks after their deadline, Plaintiff respectfully requests that any oral argument or return date on her Order to Show Cause for Preliminary Injunction not be scheduled before her return the first week in January 2008. Should the Court choose to move forward, my colleague Professor Baher Azmy is able to cover any court dates in my absence.

**I.    THE GOVERNMENT'S "RESPONSE" TO PLAINTIFF'S MOTION TO RECONSIDER SHOULD NOT BE ACCEPTED BY THE COURT BECAUSE IT IS WAS FILED MORE THAN TWO WEEKS AFTER THE DEADLINE SET BY COURT ORDER AND DEFENDANTS HAVE PROVIDED NO JUSTIFICATION FOR THEIR PREJUDICIAL DELAY.**

Pursuant to Fed. R. Civ. P. 6(b)(1), a party is not permitted to file an untimely pleading without moving before the Court to accept the late filing and demonstrating "excusable neglect" for the delay. Fed. R. Civ. P. 6(b) (noting that court may only "extend the time" for filing for good cause shown, and if the party files after the deadline passes, the delinquent party must demonstrate that he or she "failed to act because of excusable neglect"). In this case, Defendants' Response to Plaintiff's Motion to Reconsider should be rejected and stricken from the record because the government filed it nearly three weeks after the deadline set by the Court and offered the Court and counsel no explanation or justification for its delay.

**A. Defendants have failed to demonstrate "excusable neglect" under FRCP 6(b) for their failure to timely respond.**

On October 10, 2007, the Court entered an Order, directing Plaintiff to serve upon Defendants her Motion to Reconsider the Court's sua sponte dismissal of her Complaint, and the underlying pleadings, and ordering Defendants to respond within 30 days. Plaintiff complied and served Defendants with her Motion to Reconsider, Complaint, Order to Show Cause for Preliminary Injunction, and supporting documents on October 12, 2007 by regular mail. Defendants, however, failed to timely respond.

Fed. R. Civ. Proc. 6(e) grants parties an additional three days to reply to deadlines where service is effected by regular mail. See also Local Rule Civil Rule 6.4. Granting Defendants that additional time to respond, their opposition was due no later than November 14, 2007. Defendants did not file their Response until nineteen days later on

3

December 3, 2007 and failed to proffer any excuse or justification that would warrant the Court's favorable exercise to consider that pleading.

In their late Response, Defendants concede that they received Plaintiff's filing and that it was post-marked on October 12, 2007.  The government makes the gratuitous assertion, however, that "it is unclear . . . when it received Ngassam's Motion." Response, at 2.  Given the government's concession that it received the pleadings, which were post-marked on October 12, 2007, any confusion on its part as to when it received the filing is irrelevant and does not excuse their late filing.

The Second Circuit has affirmed a District Court's rejection of untimely pleadings, even where the delinquent party proffers a plausible justification for delay. See Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984) (affirming Court's refusal to consider untimely pleadings where party claimed that two witnesses relevant to its response were only located after the return date on the motion).  In Davidson v. Keenan, 740 F.2d at 132, the Court reasoned that irrespective of the party's excuse for delay, the lower court properly rejected the late pleadings because the appellants' failed "to request an extension of time to respond prior to the return date, as soon as it became clear that" they could not adequately respond "within the prescribed time."  Id.  The Court reasoned that the failure to request an extension was "the result of inadvertence or oversight by counsel," that did not rise to the level of "excusable neglect" warranting the court's consideration of the out-of-time pleading.  Id.  The District Court for the Southern District of New York similarly concluded in Mason v. British Overseas Airways Corp., 20 F.R.D. 213 (S.D.N.Y.1957), that it should "not exercise its discretion so as to relieve"

4

an attorney for failure to comply with a rule based on mere inadvertence, mistake, or neglect.

Other federal courts applying Fed. R Civ. P. 6(b) have similarly refused to consider late filings from delinquent parties absent a clear showing of "excusable neglect." See <u>Sherrod v. Piedmont Aviation, Inc.</u>, 516 F.Supp. 39, 41 n.1 (E.D.Tenn., 1978) (noting that because of party's failure to request extension of time prior to filing deadline, the Court could "only grant an extension of time within which to respond to the defendant's motion upon a showing of excusable neglect," which was not demonstrated by attorney "inadvertence or mistake"); <u>Farina v. Mission Investment Trust</u>, 615 F.2d 1068, 1076 (5th Cir.1980) (finding district court "amply justified" in refusing to accept late filing where party offered no showing of "excusable neglect").  In light of federal courts' searching consideration of "excusable neglect" when interpreting Fed. R. Civ. P. 6(b), Plaintiff respectfully submits that it would constitute an abuse of discretion for the Court to consider Defendants' late filing where the government has not proffered any explanation for its delay and failure to seek an extension.

In addition to failing to request an extension from the Court before the deadline passed in accordance with FRCP 6(b)(1), Defendants failed to contact counsel to obtain consent to their request that the Court consider their filing out-of-time nearly three weeks after their deadline.  Defendants filed their Response and simultaneously requested an extension, only after counsel for Ms. Ngassam respectfully asked the Court via letter dated November 27, 2007 to consider the motion submitted because of Defendants' failure to respond.  In that letter, Plaintiff's counsel informed the Court and Defendants' counsel of her long-scheduled plans to be out-of-the country from December 9 through

5

December 29, 2007, and due to the urgency of the case, asked the Court to rule on the motion as soon as possible. Defendants' late response was unjustified and prejudicial in light of the urgent nature of the relief Plaintiff seeks.

> **B. The government's unjustified delay prejudiced Plaintiff whose claim for preliminary injunction is based on her irreparable psychological suffering and fear of further harm to her children abroad.**

Defendants' inexcusable neglect in missing their 30-day filing deadline by almost three weeks is all the more egregious in light of the Ms. Ngassam's request for emergent relief. Ms. Ngassam's Complaint seeks to set aside an agency decision denying her relief as contrary to the law and as an arbitrary violation of the agency's own regulations. She filed a request for a preliminary injunction based on her compelling and exigent need for review of that decision in light of her "markedly fragile" state and fear for her children's safety. Complaint at ¶ 78.

Specifically, a psychological expert has concluded that Ms. Ngassam has experienced a "deep decline in [her] emotional and physical functioning" as a result of the Agency decision denying her reunification with her children. Complaint at ¶ 77. Ms. Ngassam's psychological evaluator noted that "Ms. Ngassam cannot psychologically tolerate further delay in reunification with her children. . . with each day she sinks further into despair. Ms. Ngassam is at risk of further psychological and physical decline, up to and including suicidality." Complaint, at ¶88. As noted in her Complaint, Ms. Ngassam's precarious psychological condition has been compounded by the arbitrary agency decision challenged in this case and her objectively reasonable fear for her children's safety. Ms. Ngassam learned shortly before she filed her Complaint that armed representatives of the Cameroonian government attacked several of her children, and repeatedly raped her daughter. Complaint at ¶ 85.

6

Because the jurisdiction questions addressed in Ms. Ngassam's Motion to Reconsider will determine whether Ms. Ngassam will have any chance to obtain relief—and, thereby, ensure her children's safety end her suffering—her Motion deserved a prompt response from the government. In light of the agency's pattern of delay in adjudicating Ms. Ngassam's derivative asylum case (as outlined extensively in her Complaint) and the important, exigent nature of her request for relief, the government's unjustified delay in responding should not be excused by the Court.

In short, Plaintiff respectfully requests that the Court strike the government's "Response" as not properly filed because it failed to meet its burden under 6(b) and exhibited inexcusable disregard for the urgent nature of Plaintiff's claims. In the event the Court grants the government's request that their untimely filing simultaneously extend its deadline, Plaintiff addresses their arguments in the following sections.

**II.   THE GOVERNMENT'S "RESPONSE" DOES NOT DEFEAT JURISDICTION BECAUSE IT GROSSLY MISCHARACTERIZES PLAINTIFF'S COMPLAINT, AND WHOLLY FAILS TO RESPOND TO PLAINTIFF'S BASIS FOR RECONSIDERATION.**

The government has failed to refute Plaintiff's basis for jurisdiction in this case: that courts have jurisdiction under the Administrative Procedures Act ("APA") and the Mandamus statute to review non-discretionary agency actions, such as the determination challenged in this case that the Ngassam children's are not legally eligible for derivative asylum. Defendants fail to address the well-settled authority recognizing that although USCIS may have ultimate discretion as to whether to grant or deny an immigrant visa, courts retain jurisdiction to review non-discretionary adjudications of eligibility for immigrant benefits that precede the agency's exercise of discretion. See Rodriguez v. Gonzales, 451 F.3d 60, 62 (2d Cir. 2006) (noting that even where the Agency has

discretion over ultimate grants of immigration benefits, courts have jurisdiction to review whether the alien's eligibility for status was correctly determined by the agency).

Most recently, in <u>Kwao v. U.S. Citizenship and Immigration Service</u>, Slip Copy, 2007 WL 4196604, *1(2d Cir. Nov. 28, 2007), the Second Circuit noted that where the "apparent basis" for an agency's decision denying immigrant status is a finding that an applicant "failed to establish a prima facie case of eligibility," courts have jurisdiction to review decisions that are "erroneous as a matter of law and, therefore, outside the bounds of permissible discretion."  <u>Kwao</u> is very similar to the instant case in that the Board of Immigration Appeals ("Board" or "BIA") ignored evidence in the record before concluding that the applicant was not statutorily eligible for the status sought.  <u>Id.</u>  The Court noted that although the Board denied relief to the petitioner based on its conclusion that "she did not provide sufficient evidence of the bona fides of her marriage," the petitioner did, in fact, submit "a copy of her Marriage Certificate" in support of her petition.  <u>Id.</u>  The Board, however, "gave no indication that it considered" that documentation in rendering its decision.  <u>Id.</u> (noting that "failure to consider material evidence in the record is ground for remand").  The Court concluded that because the Board "did not seem to decide the case" on discretionary grounds, the Court had jurisdiction to review the petition.

Similarly, here, the agency denied Ms. Ngassam's petitions based on the erroneous conclusion that she did not establish her children's eligibility for derivative asylum by proving that they are under 21 years of age.  See <u>April 30, 2007 Decision</u> (Attached as Exhibit 23 to Plaintiff's Complaint).  However, Ms. Ngassam did, in fact, submit certified duplicates of the children's birth certificates, which the agency's own regulations

8

consider to be "primary evidence" of age. Similar to Kwao, it is clear from the agency's decision that it failed to consider this material evidence before revoking Ms. Ngassam's petitions. Accordingly, the agency's decision on eligibility was "erroneous as a matter of law," "outside the bounds of permissible discretion," and the Court has jurisdiction to review Ms. Ngassam's challenge to that decision. Id. at *1.

Defendants further ignore the authority establishing the irrefutable principle that agencies have no discretion to violate their own regulations governing adjudication of immigrant petitions, as USCIS did in this case. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265 (1954) (recognizing that even though an agency may possess discretion over an ultimate grant of relief, the agency must, nevertheless, follow its own "regulations prescrib[ing] the procedure to be followed in processing an alien's application for [immigration relief]"). Moreover, without responding to Plaintiff's extensive argument factually and legally distinguishing Huli v. Way, 393 F.Supp.2d 266 (S.D.N.Y. 2005), Defendants cite that case in support of their argument that jurisdiction is lacking. Defendants fail to acknowledge that Huli only involved a mandamus action, and did not involve a claim under the APA.

The analysis of jurisdiction under the APA[2] differs from the analysis of jurisdiction under Mandamus because under the APA courts' jurisdiction over agency decisions is *presumed* to exist. See 5 U.S.C. § 701(a) (2000); Heckler v. Chaney, 470 U.S. 821, 828 (1985). In Abbott Labs. v. Gardner, 387 U.S. 136 (1967), the Supreme Court noted that "judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of

---

[2] It should be noted that Plaintiff asserts jurisdiction pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, with the APA serving as the predicate federal statute that implicates jurisdiction. Plaintiff does not assert the APA as an independent jurisdictional basis.

Congress." Id. at 140. Thus, the Court characterizes the statute as "prohibit[ing]" nonreview—unless certain circumstances are met—rather than "authoriz[ing]" review when certain circumstances are met. Id. The implication of this subtle, yet powerful distinction is the presumption that a plaintiff who comes to court alleging she was "adversely affected . . . by agency action within the meaning of a relevant statute, is entitled to judicial review." § 702. In contrast to mandamus relief, which may be considered an extraordinary remedy, APA relief "cover[s] a broad spectrum of administrative actions, and [the Supreme Court] has echoed that theme by noting that the [APA's] 'generous review provisions' must be given a 'hospitable' interpretation." Abbott Labs, 470 U.S. at 140-41 (internal citations omitted).

Again, Plaintiff is not challenging a discretionary denial; she is challenging—under both the APA and mandamus statute—the agency's determination that her children are not statutorily eligible for derivative asylum because they are not under 21 years of age. She also challenges the agency's failure to abide by its own regulations dictating the process for adjudicating I-730 petitions—specifically, the requirement that USCIS consider evidence in the record and deem birth-certificates to be "primary evidence" of a beneficiary's age. Defendants' silence on these essential issues at the heart of Plaintiff's Motion to Reconsider is telling; it illustrates the incontrovertible nature of the authority that supports jurisdiction in Plaintiff's case.

Instead of addressing these essential issues, the government instead attempts to recast Plaintiff's case as a challenge to visa denial abroad.[3] That characterization is completely

---

[3] Plaintiff refers to the Embassy adjudication of "refugee travel documents" interchangeably with "visa processing" because the processes are similarly conducted by the embassy and, in Ms. Ngassam's case, the agency has referred to the process of issuing "refugee travel documents" to approved I-730 beneficiaries as "visa processing."

inaccurate.  As the complaint makes clear, Plaintiff challenges the April 30, 2007 decision by the agency—not the embassy—denying three I-730 petitions filed on behalf of her children.  Complaint ¶¶ 3, 6, 77, 91, 99.  As the government acknowledges, an embassy can only proceed with visa and refugee travel document processing, after USCIS forwards the approved petitions to the appropriate consular office abroad.  Response, at 5.  Thus, a challenge to an embassy decision would be premature here, since USCIS's denial/revocation of the three petitions at issue in this case ended the adjudication of Ms. Ngassam's case at the agency, not embassy, doorstep.

In fact, Plaintiff does not quarrel with the embassy's November 2005 conclusion that the first set of birth certificates presented by Ms. Ngassam in support of her petition were not reliable.  When Plaintiff learned of her abusive husband's role in providing those documents, she withdrew her reliance on them, asked her family in Cameroon to obtain official certified documents of the children's actual birth certificates from the local authorities in Cameroon, and submitted that evidence, along with an explanatory affidavit and DNA evidence to the Agency.   She challenges USCIS revocation of her petitions without considering that rebuttal evidence in violation of its own regulations and seeks an order setting aside that unlawful decision and ordering USCIS to properly consider her petitions.

### III.  DEFENDANTS' NEW ARGUMENTS RAISED IN THEIR UNTIMELY REPSONSE ARE NOT APPROPRIATE RESPONSES TO THE MOTION TO RECONSIDER A JURISDICTIONAL DECISION AND WHOLLY LACK MERIT.

Plaintiff's Motion to Reconsider the Court's <u>sua sponte</u> dismissal was limited to the question of whether the Court possesses subject matter jurisdiction to proceed with Plaintiff's action.  Defendants' nearly three-week late Response to that Motion raises

several new arguments, which constitute inappropriate grounds for opposing Plaintiff's Motion addressed to jurisdiction. For example, pursuant to Fed. R. Civ. P. 12(b), Defendants' argument that the case should be dismissed for failure to name an indispensable party must be made in the Defendants' Answer or by motion. Thus, Plaintiff maintains that the Court should decide the jurisdictional issues presented by her Motion to Reconsider without regard to Defendants' arguments that do not relate to the threshold issue of subject matter jurisdiction. Should the Court find jurisdiction and reinstate the Complaint, Defendant would be permitted to reassert its defenses to the action either by Answer or by motion. Plaintiff is entitled to more time to respond to these newly-raised issues, than the limited period granted for replies to opposed motions. However, in light of the urgent nature of this case, and without waiving additional responses to Defendants' arguments, Plaintiff includes the following preliminary responses to those arguments to assist the Court in resolving these matters.

### A. The State Department Is Not An Indispensable Party Because Plaintiff Does Not Challenge An Embassy Action.

Defendants' misapprehension of Plaintiff's Complaint extends to its claim that the Complaint should be dismissed under 12(b)(7) for failure to join the State Department as an indispensable party. As noted, Plaintiff's Complaint challenges an arbitrary decision by USCIS (not the State Department) that violated the agency's own regulations. Federal Rule of Civil Procedure 19(a)(2) defines a necessary party as one with an interest related to the action who "is so situated that the disposition of the action in the person's absence may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Defendants have failed to demonstrate how the just disposition of this case can not be achieved without the State Department's presence.

Plaintiff seeks an order setting aside USCIS's arbitrary denial of three of Ms. Ngassam's asylee-relative petitions and an order compelling USCIS to follow its own regulations and consider Ms. Ngassam's petitions in light of the material, supplemental evidence she submitted prior to that denial. USCIS can, and must, follow its own regulations and consider material evidence in the record; the agency does not need the State Department's presence in this case to carry out those non-discretionary obligations. Accordingly, the State Department is not a "necessary party" under 19(a)(2) because the Complaint does not challenge the denial of a visa by the embassy and disposition of this action is fully possible without its presence. Since the State Department does not "qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir.2000).

In spite of these clear principles, Plaintiff would like to take this opportunity to restate precisely what claims and relief she is asserting in order to clarify what may well be an ambiguity in the Complaint. Plaintiff acknowledges that her summary request for relief in the Complaint (the "Wherefore" clause) requested that the Court "Order USCIS to facilitate the expeditious visa processing" for Ms. Ngassam's children. That was an inauspiciously phrased request that simply aimed to reflect the need—in light of the five-year-delay in Ms. Ngassam's fight to reunite with the her children in safety—for USCIS to promptly address Ms. Ngassam's case once her petitions are properly reevaluated by the agency. That language did not mean to suggest that the Court should order USCIS to

13

dictate the outcome of that review or of visa processing, which of course would be within the province of the embassy.

To be clear, Ms. Ngassam seeks review of a non-discretionary agency decision regarding her children's eligibility for derivative asylum. That wrongful decision has cut off all of Ms. Ngassam's opportunity to reunite with her children in safety. Assuming the Agency's reevaluates her children's eligibility for derivative asylum in accordance with all of the evidence in the record and in accordance with the process established by the agency's own regulations, and, assuming a favorable discretionary determination, Plaintiff was merely expressing her desire for expeditious processing of the remaining steps to reunification in her case. Plaintiff did not do intend to suggest that the Court should literally direct the agency or embassy to render a particular discretionary decision, which is, of course, beyond the scope of its powers.

Each Count of the Complaint makes clear that Plaintiff seeks review of USCIS's revocation of her petitions without considering primary evidence in the record in violation of the agency's own regulations. That is a non-discretionary, purely legal determination, over which this Court has jurisdiction. To the extent Plaintiff's summary prayer for relief or any other part of Complaint suggested that Plaintiff seeks an Order compelling issuance of a visa, rather than merely reversal of the legal/eligibility determination, Plaintiff disavows that part of the Complaint. Plaintiff stresses, however, that the government has not offered any response to Plaintiff's argument that the Court has jurisdiction to review and reverse agency's determination of an individual's statutory eligibility for immigrant status. Accordingly, even if the Court finds the summary language problematic, jurisdictions still exists in this case. As the Second Circuit has

noted, even if the Court lacks jurisdiction to order one form of relief, if the Court has the power to order other relief, jurisdiction exists over the Complaint.  See International Equity Investments, Inc. v. Opportunity Equity  International Equity Investments, Inc. v. Opportunity Equity Partners, Ltd., Slip Copy, 2007 WL 2492139, at *1 (2d Cir. 2007) (noting that even if district court has dismissed certain claims "for lack of jurisdiction, it would not have been appropriate to have dismissed the entire action given the existence of jurisdiction over plaintiffs' core breach of contract claim").

### B. The Government Erroneously Raises a Sovereign Immunity Defense, Which the APA Waives.

Defendants erroneously suggest in their Response, that "none of the statutes Ngassam cites constitutes a waiver of sovereign immunity."  Response, at 5.  The government is wrong.  As the Second Circuit has repeatedly stated, the Administrative Procedures Act (the "APA"), 5 U.S.C. §§ 701 et seq., "waives sovereign immunity as to actions in which a party challenges wrongful agency action and seeks 'relief other than money damages.'"  Manners v. U.S. Government Secretary of Defense, Slip Copy, 2007 WL 1725546 (2d Cir. 2007) (citing 5 U.S.C. § 702); EPA v. General Electric Co., 197 F.3d 592, 599 (2d Cir.1999).  Here, Ms. Ngassam challenges an arbitrary action by USCIS and seeks an order setting aside that decision and compelling USICS to consider her children's eligibility for derivative asylum in light of evidence in the record.  Accordingly, because her suit challenges wrongful agency action and seeks injunctive relief, the APA waives sovereign immunity in this case.

**CONCLUSION**

This action seeks review of a non-discretionary agency decision finding that Plaintiff's children are not statutorily eligible for derivative asylum, and does not seek to direct the agency to exercise discretion in any particular way. As the Second Circuit recently recognized, federal courts have jurisdiction to review agency determinations that an individual has failed to establish eligibility for immigrant status. <u>Kwao v. U.S. Citizenship and Immigration Service</u>, Slip Copy, 2007 WL 4196604 (2d Cir. Nov. 28, 2007). Defendants have failed to present any authority or argument that refutes this fundamental principle.

Accordingly, Plaintiff respectfully requests that the Court grant her Motion to Reconsider and reinstate her Complaint and Order to Show Cause for Preliminary Injunction. If the Court finds it necessary, however, Plaintiff would be happy to file a stipulation disavowing any intent or right to seek actual granting of the visa petition or visa in this suit. If the Court does not believe that is sufficient, and would find it necessary or helpful, Plaintiff would also be willing to amend her Complaint to resolve any ambiguity and eliminate any reference to visa processing abroad. Rather than putting the Court and the parties through the delay and expense of refiling the same Complaint with mere extraneous references omitted, Plaintiff respectfully suggests that if the Court were for some reason otherwise inclined to uphold the dismissal, it would be far preferable for the Court to grant Plaintiff a brief period of time in which to file a motion to amend the complaint to clarify any ambiguity.

Dated:  December 10, 2007
Newark, New Jersey

                                Respectfully Submitted,

                                Center for Social Justice
                                Seton Hall Law School


                                By:  _____/s/_____
                                Jenny-Brooke Condon, Esq. (JC7636)
                                Gal Davidovitch (law student intern)
                                Jisun Chang (law student intern)
                                833 McCarter Highway
                                Newark, NJ 07102