```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
ROSE AMOUGOU NGASSAM,                       07 Civ. 8172 (LLS)

                                            Opinion and Order
                Plaintiff,

    v.

MICHAEL CHERTOFF, Secretary of
Department of Homeland Security;
EMILIO GONZALEZ, Director of United
States Citizenship and Immigration
Services; F. GERARD HEINAUER,
Director of the Nebraska Service
Center of United States Citizenship
and Immigration Services,

                Defendants.
---------------------------------------x
```

Background

Plaintiff, Rose Amougou Ngassam, was granted asylum in June 2003. In September 2003 she submitted seven Form I-730 petitions to United States Citizenship and Immigration Services ("USCIS") seeking derivative asylum status for her children in Cameroon. USCIS approved the petitions and forwarded them to the United States Embassy in Cameroon for the issuance of travel documents that would permit the children to enter the United States as asylees.

However, in November 2005 Ms. Ngassam learned that there was a problem with the birth certificates submitted. She obtained official copies of the children's birth certificates, which she sent to USCIS. She never received

confirmation that USCIS received the birth certificates. In October 2006, Ms. Ngassam obtained DNA test results confirming that she is the biological mother of her children, and submitted the results to USCIS.

The consulate in Cameroon returned the petitions to USCIS after discovering that the birth certificates originally submitted were fraudulent.[1]  USCIS reopened three of the petitions for reconsideration in January 2007. USCIS then notified Ms. Ngassam of its intent to revoke its approval of the petitions.  USCIS denied the three reopened petitions on May 7, 2007:

> The Service acknowledges the results of the DNA testing facility as proof of your biological parentage of the beneficiary.  However, the consular findings also stated that the beneficiary appeared to be much older than claimed on the form and the birth certificate as submitted.  The research of the birth record by the consulate in fact proved that you submitted fictitious birth records in support of this petition. . . .  The consular officials, then, were unable to confirm that the beneficiary named in this approved petition even existed.  In addition, the age and marital status of the claimed beneficiary has not been established, and you have not proven that the beneficiary is eligible for the benefit sought.

September 18, 2007 Affidavit of Jenny-Brooke Condon, Ex. 23. It also stated "This denial may not be appealed." <u>Id.</u>

---

[1] Ngassam claims that her embittered ex-husband gave her the fraudulent certificates, knowing they would disrupt the process she wanted to pursue.

On September 18, 2007, Ms. Ngassam filed suit. She requested, inter alia, that the Court (1) hold unlawful and set aside USCIS's decision denying asylee-relative status; (2) declare that her children are eligible for, and should be granted, asylee-relative status; (3) direct USCIS to grant plaintiff's asylee-relative petitions; and (4) direct USCIS to facilitate the visa processing of her children's visas.

On September 19, 2007, the Court denied plaintiff's Order to Show Cause for a Preliminary Injunction and dismissed her claim for lack of jurisdiction. On October 4, 2007, plaintiff filed a motion for reconsideration, stating that she does not seek review of the discretionary decision withholding the granting of asylum, but that she challenges the underlying basis of that decision and solely seeks a declaration that her children are eligible for derivative asylum.

On October 10, 2007, the Court entered an order directing plaintiff to serve the motion and its underlying papers on defendants, and directing defendants to respond within thirty days thereafter. Plaintiff served defendant on October 12, 2007 and the government responded on December 3, 2007.

Plaintiff argues that the Court should not accept the government's response because it was filed after the deadline set in the Court order. Regardless of timing, the Court finds that it does not have jurisdiction over plaintiff's claim.

## Discussion

Plaintiff relies on the Administrative Procedures Act ("APA") and the mandamus statute as her bases for jurisdiction. However, the APA does not apply where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Therefore, USCIS's decision to deny derivative asylum status to Ms. Ngassam's children is exempt from review under the APA because it is discretionary. See 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien").

8 U.S.C. § 1252(a)(2)(B) provides that notwithstanding any other provisions of law, including habeas corpus, mandamus, and the "all writs" statute, no court shall have jurisdiction to review any discretionary action of the

Attorney General or the Secretary of Homeland Security with respect to such immigration matters as this.

Plaintiff argues that she does not challenge the discretionary determination to deny asylum but only the underlying determination that her children are legally ineligible for derivative status, which is a non-discretionary matter and in which the agency erred by disregarding (in violation of its own rules) the evidence she submitted. However, "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." Califano v. Sanders, 430 U.S. 99, 107 (1977). While her reply memorandum (p. 9 n.2) states that "Plaintiff asserts jurisdiction pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, with the APA serving as the predicate federal statute that implicates jurisdiction", that is insufficient. As stated in Huli v. Way, 393 F. Supp. 2d 266, 271 (S.D.N.Y. 2005):

> Section 1331, standing alone, does not confer subject matter jurisdiction. The jurisdiction extends only to claims that arise from some other applicable federal constitutional or statutory provision. See Karan v. McElroy, 2003 U.S. Dist. LEXIS 9487, No. 02 Civ. 6678, 2003 WL 21209769, at *2 (S.D.N.Y. May 23, 2003). Because Huli's Petition does not cite any federal statute that provides a cause of action or otherwise creates a federally-protected right or interest that would afford an applicable remedy in this case, Section

1331 by itself does not grant the Court subject matter jurisdiction.

Although Huli alleges a violation of the INA[2], that statute does not itself create a cause of action or federally-protected right or interest in derivative asylum status, just as it does not confer an alien a right to remain in the United States. See Cardoza-Fonseca, 480 U.S. at 443. Analogously, the statute simply provides that aliens may be granted derivative asylum "if the Attorney General, in his discretion, chooses to grant it." Id.; see also Azizi v. Thornburgh, 908 F.2d 1130, 1134 (2d Cir. 1990) (holding that alien and alien spouse do not have a constitutionally-protected property right to an immigrant visa). Accordingly, the Court finds that Section 1331 does not provide subject matter jurisdiction.

Contrary to Ms. Ngassam's submission, "the INA, not the APA, governs disputes such as this concerning immigration decisions." Al Makaaseb General Trading Co., Inc. v. Christopher, 1995 WL 110117, *4, n.2 (S.D.N.Y. March 13, 1995), citing Ardestani v. Immigration and Naturalization Service, 502 U.S. 129, 133 (1991) ("Congress intended the provisions of the [INA] to supplant the APA in immigration proceedings") and other cases. Thus, the APA does not provide a "federal question" basis for jurisdiction for this court to review USCIS's denial of plaintiff's petitions.

In Dong v. Ridge, 2005 WL 1994090 (S.D.N.Y. Aug. 18, 2005), plaintiff was granted asylum and filed I-730

---

[2] The Immigration and Nationality Act ("INA") is codified under Title 8 of the United States Code.

petitions for his wife and son to be granted derivative asylum status.  The Immigration and Naturalization Service ("INS")[3] approved his son's petition and sent it to the American Consulate in China when the child was twenty years old.  However, the I-730 file did not reach China before his son's twenty-first birthday, and his son did not receive a visa.  Plaintiff filed a complaint requesting that the District Court declare his son a child under the Child Status Protection Act.[4]  The court explained that the decision to grant asylum to an alien's beneficiary is discretionary, and once asylum is granted, a United States consul must issue a visa for the alien to enter the United States.  "As a general rule, courts lack subject matter jurisdiction to review the visa-issuing process."  Dong, 2005 WL 1994090, at *3.  "To circumvent this precedent of

---

[3] "As of March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice, and its functions respecting the adjudication of applications for immigration benefits were assumed by the Bureau of Citizenship and Immigration Services in the United States Department of Homeland Security."  Dong, 2005 WL 1994090, at *1, n.2.

[4] The Child Status Protection Act (8 U.S.C. § 1158(b)(3)(B)) states:
> An unmarried alien who seeks to accompany, or follow to join, a parent granted asylum under this subsection, and who was under 21 years of age on the date on which such parent applied for asylum under this section, shall continue to be classified as a child . . . if the alien attained 21 years of age after such application was filed but while it was pending.

'consular nonreviewability,' plaintiffs argue that they do not seek a review of consular decisions but rather the bases for the determinations." Id.  "Plaintiffs have abandoned their request that the Court order a visa issuance for Zhi Wen, and only seek a declaration of Zhi Wen's status as a 'child,' pursuant to INA promulgations that interpret the CSPA." Id. at *4.

The Dong court recognized that was an attempt to "effectively seek a review of a consular decision by 'challenging its foundation'" and rejected it, stating that "A review and declaration as to whether or not Zhi Wen should be considered a 'child' would inexorably propel this Court into the proscribed territory of reviewing consular visa decisions and as such is outside the scope of review." Dong, 2005 WL 1994090, *4. The court held that even if Zhi Wen should have been considered a child, that determination was exempt from judicial review, and it dismissed the case for lack of jurisdiction. Id. at *5.

In Al Makaaseb, plaintiff petitioned the INS to classify its Chief Executive Officer as an intra-company transferee from its office in Dubai to its office in New York City. The INS approved the classification but, in the interest of national security, the United States Embassy denied his application for a visa extension because his

name was listed on the Automated Visa Lookout System. Plaintiffs filed an action in the district court seeking a declaration that the denials of the visa applications were not supported by reasonable grounds. The court dismissed the claim because it did not have jurisdiction to review consular officials' decisions denying visas or their underpinnings:

> [T]he doctrine of nonreviewability of consular officers' visa determinations is essentially without exception. Thus, even where a consular judgment rests on allegedly erroneous information, courts generally will not intervene. Likewise, the fact that a consular officer may have erroneously interpreted and applied the INA, or indeed the fact that a consular officer's decision was not authorized by the INA, does not entitle visa applicants to relief. Finally, visa applicants like plaintiffs cannot assert cognizable claims based on the contention that the State Department and Attorney General, in denying an applicant's visa request, failed to follow their own regulations.

Al Makaaseb, 1995 WL 110117, at *2, quoting Romero v. Consulate of U.S., Barranquilla, Colombia, 860 F. Supp. 319, 322 (E.D. Va. 1994) (internal citations omitted).

The Al Makaaseb court rejected the attempt to "divorce" the underlying inclusion of Al-Makaaseb on the Automated Visa Lookout System from the agency's discretionary decision to deny the visa:

> But, such a challenge cannot be divorced from an attack of the decision itself. The Court's scrutiny of the predicate for the decision

>
> necessarily causes the Court to interfere with the process of the decision which it has been precluded from reviewing. Just as other courts have held in similar circumstances, plaintiffs cannot make an end-run around nonreviewability of the decision by challenging its foundation. [citing cases]
>
> . . . .
>
> Plaintiffs in this case likewise cannot create subject matter jurisdiction where it otherwise would not lie by challenging the State Department's alleged inclusion of Al Makaaseb upon the lookout list. Because the inclusion is alleged to have formed the basis of the visa denial, this Court's determination of the propriety of the inclusion would inevitably thrust this Court into the forbidden realm of reviewing consular visa decisions.

Id. at **3-4.

Similarly, Ms. Ngassam cannot divorce her request that the court declare her children eligible for derivative asylum from her challenge of USCIS's decision to deny her petitions. This Court does not have jurisdiction to review a consular official's decision, even if its foundation was erroneous, arbitrary, or contrary to agency regulations.

Plaintiff relies heavily on Rodriguez v. Gonzales, 451 F.2d 60 (2d Cir. 2006) and Kwao v. U.S. Citizenship and Immigration Service, 2007 WL 4196604 (2d Cir. Nov. 28, 2007) for her argument that there is jurisdiction over the nondiscretionary element underling her claim.

Both those cases involved the Court of Appeals' review of Board of Immigration Appeals ("BIA") decisions. The Court of Appeals has "jurisdiction to review <u>nondiscretionary</u> decisions" of Immigration Judges ("IJ") concerning an alien's eligibility. See <u>Rodriguez</u>, 451 F.3d at 62 (emphasis in original); <u>Mariuta v. Gonzales</u>, 411 F.3d 361, 365 (2d Cir. 2005); <u>Sepulveda v. Gonzales</u>, 407 F.3d 59, 62-63 (2d Cir. 2005). Such IJ decisions, and their related appeal to the BIA, are not involved in this case. For the reasons stated above, there is no jurisdiction over the consular decision involved here, or its underlying rationale.

## Conclusion

Plaintiff's motion for reconsideration is denied.

So ordered.

Dated: January 17, 2008
       New York, New York

                                              *Louis L. Stanton*
                                             Louis L. Stanton
                                                   U.S.D.J.